J-S75019-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KEVIN ROBERT EVANS, | : | |
| | : | |
| Appellant | : | No. 269 EDA 2018 |

Appeal from the Judgment of Sentence December 12, 2017
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0007888-1976

BEFORE:  PANELLA, J., NICHOLS, J., and MUSMANNO, J.

MEMORANDUM BY NICHOLS, J.:                **FILED DECEMBER 19, 2018**

Appellant Kevin Robert Evans appeals from his judgment of sentence for

second-degree murder following a successful Post Conviction Relief Act[1]

(PCRA) petition, in which he sought relief from a life sentence without

possibility of parole under *Miller v. Alabama*[2] and *Montgomery v.*

*Louisiana*.[3]  Appellant asserts that his new sentence, which includes a

_____

[1] 42 Pa.C.S. §§ 9541-9546.

[2] *Miller v. Alabama*, 567 U.S. 460 (2012).  In *Miller*, the United States
Supreme Court held that a sentencing scheme that mandates life in prison
without possibility of parole for juvenile homicide offenders is forbidden by the
Eighth Amendment.  *See Miller*, 567 U.S. at 470.

[3] *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016).  In *Montgomery*, the
United States Supreme Court held that "*Miller* announced a substantive rule
that is retroactive in cases on collateral review." *Montgomery*, 136 S. Ct. at
732.

maximum of lifetime incarceration, is a violation of the prohibition against cruel and unusual punishment in the United States and Pennsylvania Constitutions. We affirm.

The trial court summarized the relevant factual and procedural background of this case as follows:

> After a non-jury trial, [Appellant], a juvenile age 17 at the time of the offense, [in which he struck and killed a woman while breaking into her home,] was convicted on May 5, 1976 of second-degree murder; burglary; theft by unlawful taking; and robbery. The [t]rial [c]ourt imposed a mandatory sentence of life imprisonment without the possibility of parole on the second[-]degree murder charge. The [t]rial [c]ourt imposed a sentence of guilt without penalty on the robbery, burglary, and theft charges, effectively suspending them.
>
> After being convicted and sentenced to life imprisonment without parole, [Appellant] spent forty-two years in prison. In 2012, the [United States] Supreme Court ruled in **Miller** [and decided **Montgomery** in 2016.]
>
> Pursuant to **Miller** and **Montgomery**, [Appellant successfully] challenged his conviction and was resentenced on December 12, 2017[,] to thirty years to life with the possibility of parole. . . .
>
> [Appellant] filed a timely appeal to the Pennsylvania Superior Court.

Trial Ct. Op., 6/20/18, at 1-2. Appellant filed a timely court-ordered concise statement of matters complained of on appeal under Pa.R.A.P. 1925(b). The trial court filed an opinion pursuant to Pa.R.A.P. 1925(a).

Appellant raises the following issue for our review:

> Whether the [trial] court erred by imposing an illegal sentence, which included a mandatory maximum term of life imprisonment for a second-degree murder that [Appellant] committed when he was under the age of eighteen years old, in violation of the Eighth and Fourteenth Amendments of the United States Constitution, as

well as Article 1, Sections 9 and 13 of the Pennsylvania Constitution.

Appellant's Brief at 4.

Appellant asserts that his "mandatory maximum term of life confinement is unconstitutionally cruel and unusual, especially in light of his young age at the time of the offense, his lack of intent to kill, and the rehabilitation he has demonstrated during his incarceration." *Id.* at 17 (citations and footnote omitted). Appellant argues that "[a] mandatory life maximum for children who did not intend to kill [fails] to provide an individualized sentence . . . and lack[s] legitimate penological justifications." *Id.*

Initially, we note that "Appellant's lone appellate issue challenges the legality of his sentence. Challenges to the legality of a sentence present pure questions of law; therefore, our standard of review is *de novo* and our scope of review is plenary." *Commonwealth v. Olds*, 192 A.3d 1188, 1192 (Pa. Super. 2018) (citation and footnote omitted).

In *Olds*, the defendant, who was fourteen years old at the time of the crime, was convicted of second-degree murder and sentenced to a mandatory term of life imprisonment without the possibility of parole in 1980. *Olds*, 192 A.3d at 1190.

After the United States Supreme Court's decisions in *Miller* and *Montgomery*, the defendant received a new sentencing hearing in 2016. *Id.* The trial court sentenced the defendant to a sentence of twenty years to life imprisonment. *Id.* On appeal to this Court, the defendant argued that the

maximum term of life imprisonment imposed violated the Eighth Amendment of the United States Constitution. *Id.* This Court rejected the defendant's argument and held that "a mandatory life maximum for a juvenile convicted of second-degree murder is not cruel and unusual punishment." *Id.* at 1191.

In making the determination that a mandatory maximum of life imprisonment for a juvenile convicted of second-degree murder was not cruel and unusual, the *Olds* Court noted that "our Supreme Court's . . . decision in *Commonwealth v. Batts*, [163 A.3d 410 (Pa. 2017) (*Batts II*)] requires that an individual convicted of first or second-degree murder for a crime committed as a minor be sentenced to a maximum term of life imprisonment." *Id.* at 1193 (citing *Commonwealth v. Seskey*, 170 A.3d 1105, 1105-06 (Pa. Super. 2017)). In particular, the Court noted that *Seskey* held that

> [f]or those defendants [convicted of first-degree murder prior to June 25, 2012] for whom the sentencing court determines a [lifetime sentence without the possibility of parole] is inappropriate, it is our determination here that they are subject to a mandatory maximum sentence of life imprisonment as required by [18 Pa.C.S. §] 1102(a), accompanied by a minimum sentence determined by the common pleas court upon resentencing[.]

*Id.* (citing *Seskey*, 170 A.3d at 1108). The *Olds* Court concluded:

> *Seskey* implicitly held that there was no reason to follow a different approach when assessing the constitutionality of section 1102(b). As our Supreme Court did in *Batts II* with respect to section 1102(a), we hold that it is not the term of life imprisonment that makes applying section 1102(b) to juvenile offenders unconstitutional.

*Id.* at 1195.

The **Olds** Court then addressed the defendant's cruel and unusual

punishment claim as follows:

> Presently, mandatory life maximums for juveniles convicted of felony murder represent conventional sentencing practices. Our society deems the taking of a life, either directly or as an accomplice or co-conspirator, sufficiently grievous as to require that the defendant not be entitled to release without first going through the parole process. Accordingly, we hold that the Eighth Amendment permits imposition of section 1102(b)'s mandatory maximum term of life imprisonment for juveniles convicted of second-degree murder . . . . In this case, [the defendant] was made eligible and received a meaningful opportunity for release as he was paroled after resentencing. Accordingly, his sentence does not constitute cruel and unusual punishment.

**Id.** at 1197-98 (citations omitted).[4]

> Here, the trial court noted that it sentenced Appellant
>
> in conformity with the decision of the Pennsylvania Supreme Court in **Batts** [**II**]. This, as well as the examination of [Appellant's] hallmark characteristics, was done at this [t]rial [c]ourt's discretion. The case at bar did not involve any circumstances where the exercises of its discretion would be clearly unreasonable. Additionally, because of the heinous nature of the crime itself and the risk to society of another possible victim, this [t]rial [c]ourt determined that additional incarceration was appropriate because any lesser sentence would depreciate the seriousness of the case and the crime. These factors effectively created an individualized and proportionate sentence in accordance to the **Miller** requirements.

Trial Ct. Op., 6/20/18, at 5 (citation omitted).

We agree with the trial court that it imposed a legal sentence, since

**Olds** controls this matter. As set forth in **Olds**, a maximum sentence of life

---

[4] We note that in **Olds**, the defendant was a participant in a robbery, but did not actually kill the victim. **Olds**, 192 A.3d at 1191. Nevertheless, the reasoning of **Olds** is equally applicable to a juvenile who kills the victim.

- 5 -

imprisonment for second-degree murder committed by a juvenile was required and did not constitute a cruel and unusual punishment. *See Olds*, 192 A.3d at 1193. Accordingly, we affirm Appellant's judgment of sentence of thirty years to life imprisonment with the possibility of parole.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/19/18