J-A09030-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                                       :  PENNSYLVANIA
                                       :
                  v.                    :
                                       :
                                       :
JOHN F. NOLE                      :
                                       :
                Appellant       :  No. 873 EDA 2018

Appeal from the Judgment of Sentence November 3, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0915321-1969

BEFORE:   KUNSELMAN, J., MURRAY, J., and PELLEGRINI*, J.

MEMORANDUM BY MURRAY, J.:             **FILED APRIL 29, 2019**

John F. Nole (Appellant) appeals from the judgment of sentence entered following resentencing pursuant to **Miller v. Alabama**, 567 U.S. 460 (2012) and **Montgomery v. Louisiana**, 136 S. Ct. 718 (2016).[1]  Upon review, we affirm.

The Pennsylvania Supreme Court summarized the underlying facts of Appellant's case as follows:

> In the late afternoon of February 22, 1969, [A]ppellant, then seventeen years of age, and two other youths entered a neighborhood candy store owned and operated by eighty-one-

---

[1] In **Miller**, the Supreme Court of the United States "held that a juvenile convicted of a homicide offense could not be sentenced to life in prison without parole absent consideration of the juvenile's special circumstances in light of the principles and purposes of juvenile sentencing." **See Commonwealth v. Bebout**, 186 A.3d 462, 472 n.1 (Pa. Super. 2018) (citations omitted).  In **Montgomery**, the Supreme Court held that **Miller** announced a substantive rule of constitutional law that applies retroactively.  **Id.**

---

* Retired Senior Judge assigned to the Superior Court.

year-old Joseph Shayka and his wife, Helen Shayka. One of the [A]ppellant's companions held a knife to the husband's neck. Appellant pointed a gun at the husband; struck him several times in the stomach with his fists and the gun; and demanded money. The cash register was then rifled and the youths ran out. The husband collapsed and died shortly thereafter of a massive internal hemorrhage resulting from the rupture of his abdominal aorta.

*Commonwealth v. Nole*, 336 A.2d 302, 304 (Pa. 1975) (denying PCRA relief).

Although Appellant was 17 years old on February 22, 1969, he was tried as an adult and originally sentenced to life imprisonment without the possibility of parole. After the United States Supreme Court's decisions in *Miller* and *Montgomery*, Appellant was resentenced to 48 years to life in prison **with** parole.[2] The resentencing court explained:

[Appellant] had been convicted in May of 1970 of first-degree murder, robbery, burglary, and weapons offenses and was sentenced March 31, 1971[] to . . . life imprisonment. [Appellant] thereafter filed a notice of appeal with the Pennsylvania Supreme Court, which on July 1, 1972, affirmed the judgment of sentence. *Commonwealth v. Nole*, 292 A.2d 331 (Pa. 1972). Over the ensuing decades, [Appellant] unsuccessfully sought post-conviction collateral relief on many occasions. It was not until [the decisions in *Miller v. Alabama* and *Montgomery v. Louisiana* that Appellant] was successful . . . .

Following the imposition of sentence by [the trial court on November 3, 2017], [Appellant] filed a post-sentence motion that was denied by operation of law on March 9, 2018. On March 26, 2018, [Appellant] filed a notice of appeal from the order imposing judgment of sentence.

---

[2] In its brief, the Commonwealth states that "[a]ccording to prison records, [Appellant] was granted parole on January 17, 2019." Commonwealth Brief at 3.

Trial Court Opinion, 5/1/18, at 1-2 (footnote omitted).

Preliminarily, we note that Appellant did not file a statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). However, as the record does not indicate that the trial court ordered Appellant to file a statement, we do not find waiver.[3]

On appeal, Appellant raises two issues:

1. Is it unconstitutional to impose a mandatory lifetime parole tail on all juvenile lifers being re-sentenced?

2. Was it not mandated that at re-sentencing a judge may only impose sentences for lesser included offenses after **Miller v. Alabama**, 567 U.S. 460 (2012) struck down the Pennsylvania sentencing scheme that imposed mandatory life sentences on all juveniles convicted of murder?

Appellant's Brief at 3.

Both of Appellant's issues dispute the legality of his sentence. "Issues relating to the legality of a sentence are questions of law. Our standard of review over such questions is *de novo* and our scope is plenary." **Commonwealth v. Cardwell**, 105 A.3d 748, 750 (Pa. Super. 2014) (citation omitted). Further:

_____

[3] "In determining whether an appellant has waived his issues on appeal based on non-compliance with Pa.R.A.P. 1925, it is the trial court's order that triggers an appellant's obligation under the rule." **In re Estate of Boyle**, 77 A.3d 674, 676 (Pa. Super. 2013) (citation omitted); **see also Commonwealth v. Thomas,** 451 A.2d 470, 474 n.8 (Pa. Super. 1982) ("According to Rule 1925(b) the lower court must order a concise statement of [errors] complained of on appeal and an appellant must fail to comply with such directive before this Court can find waiver[.]") (citing Pa.R.A.P. 1925(b)).

> The scope and standard of review applied to determine the legality of a sentence are well established. If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated. In evaluating a trial court's application of a statute, our standard of review is plenary and is limited to determining whether the trial court committed an error of law.

**Commonwealth v. Dixon**, 161 A.3d 949, 951 (Pa. Super. 2017) (citation omitted).

Appellant first claims that his maximum life sentence with parole violates the precedent set forth in **Miller** because "[w]hile the trial [court] correctly determined that it was improper to impose a minimum sentence of life imprisonment, the trial [court] incorrectly determined that he was required to impose a maximum sentence with a mandatory lifetime parole tail." Appellant's Brief at 9. Appellant avers that the trial court incorrectly believed that it was mandated by Pennsylvania case law to re-sentence him to a maximum term of life imprisonment. **Id.** at 9-10 (citing Trial Court Opinion, 5/1/18, at 2). Appellant argues that "the same standard must be applied to mandatory minimum life sentences as well as mandatory maximum lifetime parole tails . . . and the Commonwealth must establish permanent incorrigibility beyond a reasonable doubt." **Id.** at 11.

In response, the Commonwealth states that it "agrees with [Appellant] that the imposition of a mandatory maximum sentence of life imprisonment for every juvenile convicted of first-degree murder is unconstitutional under [**Miller**] and **Montgomery v. Louisiana**, 136 S. Ct. 718 (2016)."

Commonwealth Brief at 4. Nonetheless, the Commonwealth "acknowledges that this Court has held otherwise." *Id.* at 5. The Commonwealth concedes "that this Court has ruled that whenever the sentencing court imposes a minimum term-of-years sentence for a defendant convicted for first- or second-degree murder, the maximum term must be set at life imprisonment." *Id.* (citing *Commonwealth v. Olds*, 192 A.3d 1188 (Pa. Super. 2018), *appeal denied*, 297 WAL 2018 (Pa. 2018); *Commonwealth v. Seskey*, 170 A.3d 1105 (Pa. Super. 2017)).

Instantly, the trial court explained:

> The claims [Appellant] raised have all been rejected by our appellate courts which have ruled that a sentencing court has no authority to impose anything other than a maximum sentence of life imprisonment upon juveniles convicted of offenses carrying mandatory life sentences. *See Commonwealth v. Seskey*, 170 A.3d 1105 (Pa. Super. 2017), *citing Commonwealth v. Batts*, 163 A.3d 410 (Pa. 2017). *See also Commonwealth v. Melvin*, 172 A.3d 14 (Pa. Super. 2017) (holding that sentencing court has no discretion to impose anything but a maximum life sentence on juvenile previously convicted of a homicide offense requiring sentence of life imprisonment with no parole and that such sentence is not unconstitutional). Thus, this Court lacks the authority to ignore those rulings and it is suggested that the judgment of sentence be affirmed based on the holdings of those cases.

Trial Court Opinion, 5/1/18, at 2-3.

The trial court is right. This Court recently summarized:

> In 2012, the United States Supreme Court decided *Miller*, [] which held mandatory life without parole sentences for those under the age of 18 at the time of their crimes violate the Eighth Amendment's prohibition on "cruel and unusual punishments." *Miller*, 567 U.S. at 465. The Supreme Court held that a juvenile homicide defendant could only be sentenced to life without the

- 5 -

possibility of parole if he or she is determined to be permanently incorrigible, irreparably corrupt, or irretrievably depraved. **Miller**, 567 U.S. at 471. Thereafter, in [**Montgomery v. Louisiana**, 136 S. Ct. 718 (2016)], the Court held that **Miller** applies retroactively to cases on collateral review, opening the door for those eligible to seek collateral relief. [**Id.** at 732-37].

**Commonwealth v. Lee**, --- A.3d ---, 2019 WL 986978, at *1 (Pa. Super. Mar. 1, 2019) (footnote omitted).

The Pennsylvania Supreme Court, in **Commonwealth v. Batts**, 66 A.3d 286 (Pa. 2013) (**Batts I**), addressed sentencing of a juvenile offender convicted of first-degree murder. Noting that the United States Supreme Court in **Miller** declined to place a "categorical ban" on life-without-parole sentences for juvenile offenders, the Supreme Court in **Batts I** held that juvenile offenders convicted of first-degree murder could be subject to a life-without-parole sentence only after the sentencing court considered the criteria outlined in **Miller**. **Id.** at 296-99. Four years later, the Pennsylvania Supreme Court in **Commonwealth v. Batts**, 163 A.3d 410 (Pa. 2017) (**Batts II**), further examined the procedure for resentencing juvenile offenders who were improperly sentenced to life without parole prior to **Miller**. Applying **Batts II**, this Court in **Commonwealth v. Seskey**, 170 A.3d 1105 (Pa. Super. 2017), rejected the argument that "the trial court possessed unfettered sentencing discretion," and expressly held that **Batts II** "requires that an individual convicted of first or second-degree murder for a crime committed as a minor be sentenced to a maximum term of life imprisonment." **Id.** at 1105-1106.

In addressing the appeal of a similarly-situated defendant, this Court recently held in **Commonwealth v. Ligon**, --- A.3d ---, 2019 WL 1395450 (Pa. Super. Mar. 28, 2019), that in resentencing post-**Miller** under both **Batts II** and **Seskey**, "the re-sentencing court [is] required to sentence [a defendant] to a maximum term of life imprisonment." **Id.** at *3. We specifically pronounced that "a sentence with a term of years minimum and a maximum sentence of life does **not** violate **Miller's** individualized sentencing requirement, because it properly leaves the ultimate decision of when a defendant will be released to the parole board." **Id.** (emphasis added). We therefore concluded that Ligon's "argument that 'there is no relevant statute or appellate case law requiring the imposition of a lifetime parole tail,' [wa]s incorrect." **Id.**

In light of the above precedent, when a trial court is faced with resentencing a juvenile who was originally sentenced, pre-**Miller**, to life imprisonment without the possibility of parole:

> For those defendants for whom the sentencing court determines a life-without-parole sentence is inappropriate, "it is our determination here that they are subject to a **mandatory maximum sentence of life imprisonment** as required by Section 1102(a), accompanied by a minimum sentence determined by the common pleas court upon re[-]sentencing[.]"

**Batts II**, 163 A.3d at 421 (quoting **Batts I**, 66 A.3d at 296-97) (emphasis added). "The sentencing court should fashion a minimum term of

- 7 -

incarceration using, as guidance, [S]ection 1102.1(a) of the Crimes Code."

*Id.* at 484.[4]

Instantly, Appellant was 17 years old when he committed first-degree

murder and was originally sentenced to life imprisonment without the

_____

[4] Section 1102.1, which the General Assembly enacted in the wake of *Miller*, sets the guidelines for sentencing persons who commit first-degree murder while under the age of 18:

> **(a) First degree murder.**--A person who has been convicted after June 24, 2012, of a murder of the first degree, first degree murder of an unborn child or murder of a law enforcement officer of the first degree and who was under the age of 18 at the time of the commission of the offense shall be sentenced as follows:
>
> > (1) A person who at the time of the commission of the offense was 15 years of age or older shall be sentenced to a term of life imprisonment without parole, or a term of imprisonment, the minimum of which **shall be at least 35 years to life**.

18 Pa.C.S.A. § 1102.1(a)(1) (emphasis added).  In *Ligon*, we stated:

> Section 1102.1 provides a clear expression of legislative intent as to juveniles that are convicted of first-degree murder post-*Miller*. Although, the statute itself does not apply to [defendants convicted after June 24, 2012], it does apply to all similarly-situated defendants who were sentenced after its enactment. Mindful of the difference in treatment accorded to those subject to non-final judgments of sentence for murder as of *Miller's* issuance, and the enactment of [Section] 1102.1, our Supreme Court has ordered trial courts to resentence juveniles to a maximum term of life imprisonment.  *Batts II*, *supra*.  We are bound to follow its mandate.

 *Ligon*, 2019 WL 1395450 at *3.

possibility of parole. The trial court, in resentencing Appellant, was **required** to impose upon Appellant a maximum term of life imprisonment, and a minimum term-of-years using Section 1102.1(a) as guidance. 18 Pa.C.S.A. § 1102(a)(1); *Batts II*, 163 A.3d at 421 (quoting *Batts I*, 66 A.3d at 296-97). *See also Ligon*, 2019 WL 1395450 at *3 ("Under *Batts II* and *Seskey*, the resentencing court was statutorily required to sentence [a]ppellant to a maximum term of life imprisonment."). As the trial court sentenced Appellant to a minimum of 48 years, and a maximum term of life imprisonment **with** the possibility of parole, Appellant's sentence was proper.[5]

_____

[5] The Pennsylvania Supreme Court stated:

> Despite the passage of four years since we issued our decision in *Batts I*, the General Assembly has not passed a statute addressing the sentencing of juveniles convicted of first-degree murder pre-*Miller*, nor has it amended the pertinent provisions that were severed in *Batts I*. As we have previously stated, the General Assembly is quite able to address what it believes is a judicial misinterpretation of a statute, and its failure to do so in the years following the *Batts I* decision gives rise to the presumption that the General Assembly is in agreement with our interpretation.

*Batts II*, 163 A.3d at 445 (citations and footnote omitted). *See also Moses v. T.N.T. Red Star Exp.*, 725 A.2d 792, 801 (Pa. Super. 1999) ("It is not the prerogative of an intermediate appellate court to enunciate new precepts of law or to expand existing legal doctrines. Such is a province reserved to the Supreme Court."); *Commonwealth v. Montini*, 712 A.2d 761, 769 (Pa. Super. 1998) ("[T]he Superior Court is an error correcting court and we are obliged to apply the decisional law as determined by the Supreme Court of Pennsylvania.").

In his second issue, Appellant asserts that "[w]hen the United States Supreme Court in *Miller* struck down mandatory life sentences for juveniles convicted of murder, it invalidated the only Pennsylvania sentencing scheme in place," and therefore, "this Court should utilize the only sentencing scheme left intact after *Miller*: sentencing on lesser included offenses." Appellant's Brief at 8. Appellant requests that "this Court . . . remand for re-sentencing on all lesser-included offenses." *Id.* However, Appellant concedes that "this argument was rejected by the Pennsylvania Supreme Court in [*Batts I*] and [*Batts II*] . . ." Appellant's Brief at 16-17.

The Commonwealth likewise acknowledges that Appellant's "argument has twice been rejected by the Pennsylvania Supreme Court," and "[n]o relief is due." Commonwealth Brief at 7 (citing *Batts I* and *Batts II*).

Both parties recognize that the Pennsylvania Supreme Court has "found no support for the proposition that juveniles convicted of first-degree murder pre-*Miller* should be sentenced as though they were convicted of third-degree murder." *Batts II*, 163 A.3d at 457. As with the defendant in *Ligon*, Appellant in this case has received the full benefit of *Miller* and its progeny. *See Ligon*, 2019 WL 1395450 at *4. We therefore conclude the trial court did not err in resentencing Appellant.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/29/19