■

**COMMONWEALTH of Pennsylvania,
Respondent**

v.

**Roderick Todd ALLEN, Petitioner.**

Supreme Court of Pennsylvania.

Feb. 24, 2016.

### ORDER

PER CURIAM.

**AND NOW,** this 24th day of February, 2016, the Petition for Allowance of Appeal is **GRANTED** on the issue of whether Petitioner's sentence violates the prohibition against mandatory life sentences for juvenile offenders announced by the Supreme Court of the United States in *Miller v. Alabama,* 567 U.S. ——, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012). As a result of the recent holding by that Court that *Miller* must be applied retroactively by the States, *see Montgomery v. Louisiana,* —— U.S. ——, 136 S.Ct. 718, 193 L.Ed.2d 599 (2016), the Superior Court's order is **VACATED,** and the case is **REMANDED** for further proceedings consistent with *Montgomery.*

To the extent necessary, leave is to be granted to amend the post-conviction petition to assert the jurisdictional provision of the Post Conviction Relief Act extending to the recognition of constitutional rights by the Supreme Court of the United States which it deems to be retroactive. *See* 42 Pa.C.S. § 9545(b)(1)(iii).

Justice EAKIN did not participate in the consideration or decision of this matter.

■

**COMMONWEALTH of Pennsylvania,
Respondent**

v.

**Andre L.L. VESSELS, Petitioner.**

Supreme Court of Pennsylvania.

Feb. 24, 2016.

### ORDER

PER CURIAM.

**AND NOW,** this 24th day of February, 2016, the Petition for Allowance of Appeal is **GRANTED** on the issue of whether Petitioner's sentence violates the prohibition against mandatory life sentences for juvenile offenders announced by the Supreme Court of the United States in *Miller v. Alabama,* 567 U.S. ——, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012). As a result of the recent holding by that Court that *Miller* must be applied retroactively by the States, *see Montgomery v. Louisiana,* —— U.S. ——, 136 S.Ct. 718, 193 L.Ed.2d 599 (2016), the Superior Court's order is **VACATED,** and the case is **REMANDED** for

further proceedings consistent with *Montgomery.*

To the extent necessary, leave is to be granted to amend the post-conviction petition to assert the jurisdictional provision of the Post Conviction Relief Act extending to the recognition of constitutional rights by the Supreme Court of the United States which it deems to be retroactive. *See* 42 Pa.C.S. § 9545(b)(1)(iii).

Justice EAKIN did not participate in the consideration or decision of this matter.

COMMONWEALTH of Pennsylvania, Respondent

v.

Michael Lee BOURGEOIS, Petitioner.

Supreme Court of Pennsylvania.

Feb. 24, 2016.

### ORDER

PER CURIAM.

**AND NOW,** this 24th day of February, 2016, the Petition for Allowance of Appeal is **GRANTED** on the issue of whether Petitioner's sentence violates the prohibi-

tion against mandatory life sentences for juvenile offenders announced by the Supreme Court of the United States in *Miller v. Alabama,* 567 U.S. ——, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012). As a result of the recent holding by that Court that *Miller* must be applied retroactively by the States, *see Montgomery v. Louisiana,* —— U.S. ——, 136 S.Ct. 718, 193 L.Ed.2d 599 (2016), the Superior Court's order is **VACATED,** and the case is **REMANDED** for further proceedings consistent with *Montgomery.*

To the extent necessary, leave is to be granted to amend the post-conviction petition to assert the jurisdictional provision of the Post Conviction Relief Act extending to the recognition of constitutional rights by the Supreme Court of the United States which it deems to be retroactive. *See* 42 Pa.C.S. § 9545(b)(1)(iii).

Justice EAKIN did not participate in the consideration or decision of this matter.

COMMONWEALTH of Pennsylvania, Respondent

v.

Alec Devon KREIDER, Petitioner.

Supreme Court of Pennsylvania.

Feb. 24, 2016.

