J-S27019-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RODERICK TODD ALLEN | : | |
| | : | |
| Appellant | : | No. 1400 WDA 2018 |

Appeal from the Judgment of Sentence Entered February 26, 2018
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0006703-1979

BEFORE:  OLSON, J., OTT, J., and COLINS*, J.

MEMORANDUM BY OTT, J.:                    FILED MAY 31, 2019

Roderick Todd Allen appeals, nunc pro tunc, from the judgment of sentence entered on February 26, 2018, in the Allegheny County Court of Common Pleas.  The trial court resentenced Allen to a term of 30 years to life imprisonment for his 1980 conviction of second-degree murder,[1] after he was granted post-conviction collateral relief pursuant to Montgomery v. Louisiana, 136 S.Ct. 718 (U.S. 2016), from his original sentence of life imprisonment without the possibility of parole ("LWOP").  On appeal, Allen challenges the legality of his sentence.  For the reasons below, we affirm.

_____

* Retired Senior Judge assigned to the Superior Court.

[1] See 18 Pa.C.S. § 2502(b).

The parties are well aware of the facts underlying Allen's arrest, conviction, direct appeal, and protracted post-conviction proceedings and we need not reiterate them herein. In summary, in 1980, a jury convicted Allen, a juvenile, of second-degree murder, robbery, conspiracy, and carrying a firearm without a license[2] for a 1979 murder and robbery. On June 30, 1980, the court sentenced him to LWOP. This Court affirmed the judgment of sentence in May of 1985, and Allen did not seek leave to appeal to the Pennsylvania Supreme Court. See Commonwealth v. Allen, 496 A.2d 848 (Pa. Super. 1985) (unpublished memorandum).

Pertinent to the instant appeal, in August of 2012, Allen filed a serial petition for collateral relief pursuant to the Post Conviction Relief Act ("PCRA"),[3] in which he argued his sentence was illegal pursuant to the United States Supreme Court's decision in Miller v. Alabama, 567 U.S. 460 (2012).[4]

_____

[2] See 18 Pa.C.S. §§ 2502(b),

[3] 42 Pa.C.S.A. §§ 9541-9546.

[4] The Miller Court held that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" Id. at 465. The Court also held that a trial court is not foreclosed from imposing a sentence of life imprisonment without parole on a juvenile; however, before doing so the court is required to "take into account how children are different, and how those differences counsel against irrevocably sentencing them to a lifetime in prison." Id. at 480.

In response to Miller, in October of 2012, the Pennsylvania legislature enacted 18 Pa.C.S.A. § 1102.1. The statute provides that juvenile offenders

Commonwealth v. Allen, 116 A.3d 676 (Pa. Super. 2014) (unpublished memorandum at *3). A panel of this Court affirmed the PCRA court's dismissal of his petition based upon then-existing law that Miller did not apply retroactively, and Allen's petition was, therefore, untimely. See id. However, on February 24, 2016, the Pennsylvania Supreme Court vacated our decision and remanded the matter for reconsideration in light of the United States Supreme Court's decision in Montgomery v. Louisiana, 136 S.Ct. 718 (U.S. 2016).[5] See Commonwealth v. Allen, 132 A.3d 982 (Pa. 2016).

Thereafter, on April 29, 2016, a panel of this Court reversed the denial of PCRA relief and remanded the matter for resentencing pursuant to

_____

convicted of first- or second-degree murder must receive a mandatory minimum sentence. See 18 Pa.C.S.A. § 1102.1(a), (c). However, the statute applies only to those "convicted after June 24, 2012." 18 Pa.C.S.A. §§ (a)(1) and (c)(1).

[5] The Montgomery court held that the Miller decision constituted a new substantive rule that courts must apply retroactively to cases on collateral review. Montgomery, supra at 732-737.

Our Supreme Court subsequently decided Commonwealth v. Batts, 163 A.3d 410 (Pa. 2017) (Batts II), which addressed the procedural requirements for sentencing a juvenile homicide defendant in this Commonwealth. See id. at 459-460 (holding there is presumption against imposition of life without parole sentence for juvenile murder defendants; Commonwealth must provide notice of its intent to seek such sentence; Commonwealth must rebut presumption with proof beyond reasonable doubt that "juvenile offender is permanently incorrigible and thus is unable to be rehabilitated[;]" and court must consider the factors announced in Miller and [18 Pa.C.S.A. §] 1102.1(d)" before imposing sentence of life without parole).

Montgomery, supra. See Commonwealth v. Allen, 145 A.3d 798 (Pa. Super. 2016) (unpublished memorandum). On February 26, 2018, the trial court resentenced Allen as delineated above. On March 27, 2018, despite being represented by counsel, Allen filed a pro se letter seeking permission to file a notice of appeal, and subsequently filed a pro se notice of appeal on March 29, 2018. On April 11, 2018, the trial court appointed counsel, who later filed a PCRA petition seeking reinstatement of Allen's post-sentence motion and direct appeal rights on August 10, 2018. On September 5, 2018, the PCRA court granted the petition. The instant, timely appeal followed.[6]

Allen's only issue presents a challenge to the legality of his sentence. "When reviewing the legality of a sentence, our standard of review is de novo and our scope of review is plenary." Commonwealth v. Melvin, 172 A.3d 14, 19 (Pa. Super. 2017) (citation omitted), appeal denied, 187 A.3d 207 (Pa. 2018).

Allen maintains that the trial court's sentence of 30 years to life contained an unconstitutional "mandatory lifetime parole tail[,]" in violation of both Miller, supra and Graham v. Florida, 560 U.S. 48, 68 (2010). Allen's Brief, at 8. We disagree.

_____

[6] On December 3, 2018, in response to the trial court's order, Allen filed a timely concise statement of errors complained of on appeal. On January 11, 2019, the trial court issued an opinion.

- 4 -

Specifically, Allen contends that a maximum sentence of life imprisonment is "unconstitutional when applied to juveniles who did not kill or did not have a specific intent to kill, that is, committed premeditated and deliberated murder as defines First Degree Murder." Id. at 9. Allen acknowledges that this Court has previously rejected this argument but avers that we based our prior decisions upon misinterpretations of both United States Supreme Court and Pennsylvania Supreme Court holdings. Id.

The trial court found Allen's arguments were previously addressed and rejected by this Court's decisions in Commonwealth v. Olds, 192 A.3d 1188 (Pa. Super. 2018), appeal denied, 199 A.3d 334 (Pa. 2018) and Commonwealth v. Seskey, 170 A.3d 1105 (Pa. Super. 2017). Trial Court Opinion, 1/11/2018, at unnumbered page 2. We agree.

Our Court has routinely rejected the claim that the imposition of a mandatory maximum sentence of life imprisonment for a juvenile convicted of first- or second-degree murder is illegal. See Olds, supra at 1197-1198 (holding imposition of mandatory maximum term of life imprisonment for juvenile defendant convicted of second-degree murder prior to Miller was constitutional); Sesky, supra at 1109 (holding trial court imposed illegal sentence when it resentenced juvenile defendant convicted of first-degree murder prior to Miller to term of 13 to 26 years' imprisonment; court was required to impose mandatory maximum sentence of life imprisonment); Commonwealth v. Battles, 169 A.3d 1086, 1089-1090 (Pa. Super. 2017)

(holding trial court's imposition of mandatory maximum term of life imprisonment upon resentencing of juvenile defendant convicted of first-degree murder prior to Miller was legal). The Olds Court summarized the current state of the law as follows:

> [W]e affirm that trial courts must sentence juveniles convicted of second-degree murder prior to June 25, 2013 to a maximum term of life imprisonment under section 1102(b).

Olds, supra at 1198 (emphasis added). Thus, several panels of this Court have already rejected the claim raised by Allen, and we are "not empowered to overrule another panel of the Superior Court." Commonwealth v. Beck, 78 A.3d 656, 659 (Pa. Super. 2013); see also Commonwealth v. Davis, 188 A.3d 454, 458 n.2 (Pa. Super. 2018) ("Under doctrine of stare decisis, panel must adhere to precedents that this Court's prior panels have handed down."). Allen's claim that his sentence is illegal must fail.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/31/2019

- 6 -