J-S83003-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                               : PENNSYLVANIA
                                               :
              v.                         :
                                               :
                                               :
DORIAN LAMORE                     :
                                               :
             Appellant           : No. 49 WDA 2018

Appeal from the Judgment of Sentence December 5, 2017
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0011572-1993,
CP-02-CR-0013461-1993

BEFORE:  PANELLA, J., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY PANELLA, J.:                **FILED JUNE 19, 2019**

Appellant, Dorian Lamore, challenges the judgment of sentence entered in the Allegheny County Court of Common Pleas, following resentencing on his first-degree murder conviction. We affirm.

In 1993, Jay Weiss and Paul Puhac were attempting to deliver pizza when they were approached and robbed by Lamore, then sixteen, and a co-defendant. In the process, Weiss was shot and killed at the scene, and Puhac was admitted to the hospital with a gunshot wound to the left arm.

Lamore proceeded to a jury trial, where he was convicted of first-degree

murder[1], among other charges[2] related to the incident. He was sentenced to life without parole on the murder charge, and an additional twenty-five to fifty years' incarceration on the remaining charges.

On March 21, 2016, Lamore filed a petition pursuant to the Post Conviction Relief Act ("PCRA") challenging the legality of his sentence following the United States Supreme Court's decisions in **Miller v. Alabama**, 567 U.S. 460 (2012), and **Montgomery v. Louisiana**, 136 S.Ct. 718 (2016). The PCRA court granted relief on this claim. Lamore was resentenced to thirty-five years to life imprisonment on the first-degree murder charge, with a concurrent twenty-five to fifty years' incarceration on the remaining charges. This timely appeal followed.

On appeal, Lamore challenges the legality of his sentence, arguing the trial court had no valid statutory authority to impose a maximum term of life imprisonment at his resentencing and that such a sentence is unconstitutional. "Issues relating to the legality of a sentence are questions of law…. Our standard of review over such questions is *de novo* and our scope of review is plenary." **Commonwealth v. Barnes**, 167 A.3d 110, 116 (Pa. Super. 2017) (*en banc*) (internal quotations and citation omitted, ellipses in original).

---

[1] CP-02-CR-11572-1993

[2] At CP-02-CR-13461-1993, Lamore was found guilty of two counts of robbery and one count each of aggravated assault, carrying a firearm without a license, criminal conspiracy and recklessly endangering another person.

In Lamore's first issue on appeal, he contends that pursuant to **Miller** and **Montgomery**, there is no legal sentence in Pennsylvania for defendants convicted of murder prior to the enactment of 18 Pa.C.S.A. § 1102.1 in 2012. He therefore believes the trial court erred by imposing a maximum sentence of life imprisonment for his first-degree murder conviction.

In **Miller**, the United States Supreme Court held that mandatory life imprisonment without parole for juvenile offenders violates the Eighth Amendment's prohibition on cruel and unusual punishment. **See** 567 U.S. at 465. Notably, the Court did not foreclose sentencing courts from ever imposing a term of life without parole in a homicide case. **See id**., at 479-480. Instead, it required sentencing courts to consider a juvenile's immaturity and capacity for change, and to impose a life without parole term only in those extreme and rare cases where the sentencing court determines that the juvenile is incapable of rehabilitation. **See id**. Thereafter, in **Montgomery**, the Court held **Miller** announced a substantive rule of constitutional law that must be applied retroactively. **See Montgomery**, 136 S.Ct. at 736.

Recognizing Pennsylvania's existing sentencing scheme violated **Miller**, the Legislature enacted 18 Pa.C.S.A. § 1102.1. Section 1102.1 provided that juvenile offenders who were over the age of fifteen at the time of their crimes and convicted of first-degree murder after June 24, 2012, must be sentenced to a maximum term of life imprisonment. **See** 18 Pa.C.S.A. 1102.1(a)(1). The minimum term for such offenders is thirty-five years. **See id**.

However, the new law did not address the resentencing of juvenile offenders who were convicted of murder and sentenced to life without parole before June 24, 2012. Instead, the Pennsylvania Supreme Court held in *Commonwealth v. Batts*, 66 A.3d 286 (Pa. 2017) ("*Batts I*"), that juvenile offenders for whom the sentencing court deems a life without parole sentence is inappropriate, "are subject to a mandatory maximum sentence of life imprisonment as required by section 1102(a), accompanied by a minimum sentence determined by the common pleas court upon resentencing[.]" *Id*., at 297.

The Supreme Court later reaffirmed this rule in *Commonwealth v. Batts*, 163 A.3d 410, 459-460 (Pa. 2017) ("*Batts II*").The Court found that in fashioning a minimum sentence, courts "should be guided by the minimum sentences contained in section 1102.1(a)[.]" *Id*., at 458. In doing so, the *Batts II* Court "expressly rejected the claim … that there is no legislatively authorized sentence for juveniles convicted of first-degree murder prior to 2012." *Commonwealth v. Melvin*, 172 A.3d 14, 21 (Pa. Super. 2017) (citation omitted).

Here, Lamore was convicted of first-degree murder and sentenced to life without the possibility of parole in 1994. He was resentenced in 2017, following *Miller*, *Montgomery*, and *Batts II*, to a term of thirty-five years to life imprisonment.

*Batts II* plainly rejected the argument that the Sentencing Code does

not provide for imposition of a legal sentence for defendants convicted prior to the enactment of 18 Pa.C.S.A. § 1102.1. *See Commonwealth v. Melvin*, 172 A.2d 14, 21. *Batts II* explicitly directed courts to use 18 Pa.C.S.A. § 1102.1 as a guideline for resentencing juvenile offenders. *See id*., at 20-21. Therefore, the court had authority to resentence Lamore pursuant to *Batts II*. Further, *Batts II required* the court to sentence Lamore to a mandatory maximum of life imprisonment. *See id*., at 458. *See also Commonwealth v. Seskey*, 170 A.3d 1105, 1109 (Pa. Super. 2017). Lamore is not entitled to relief on his first claim.

Lamore also argues that, under *Batts II*, section 1102(a) is unconstitutionally vague. He contends that section 1102(a) "does not give fair notice that a sentence of life with the possibility of parole falls within the prescribed sentencing range." Appellant's Brief, at 23. This argument is waived for multiple reasons. First, this argument is distinct from Lamore's claim that the Sentencing Code does not provide for a sentence for juveniles convicted of murder prior to 2012. Yet, Lamore did not include this argument in his statement of the questions involved. *See* Pa.R.A.P. 2116(a) ("No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby"); *see also Commonwealth v. Heggins*, 809 A.2d 908, 912 n.2 (Pa. Super. 2002). Nor did he provide a separate section for this argument. *See* Pa.R.A.P. 2119(a) ("The argument shall be divided into as many parts as there are questions to be argued").

Even in the absence of these defects, the argument is waived for a more fundamental flaw, as Lamore did not include it in his Pa.R.A.P. 1925(b) statement of matters complained of on appeal. ***See Commonwealth v. Lord***, 719 A.2d 306, 309 (Pa. 1998) ("Any issue not raised in a 1925(b) statement will be deemed waived").

In Lamore's second preserved issue on appeal, he baldly asserts, in a one-sentence argument, that his maximum sentence of life imprisonment is unconstitutional pursuant to the United States' Constitution as well as the Constitution of Pennsylvania.

> When briefing the various issues that have been preserved, it is an appellant's duty to present arguments that are sufficiently developed for our review. The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities. ***Citations to authorities must articulate the principles for which they are cited***.
>
> This Court will not act as counsel and will not develop arguments on behalf of an appellant. Moreover, when defects in a brief impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived.

***Commonwealth v. Kane***, 10 A.3d 327, 331 (Pa. Super. 2010) (citations omitted; emphasis added).

Here, Lamore's second issue is set forth in a one-sentence paragraph. He does not discuss or cite to any pertinent case law other than one case[3],

---

[3] Along with his puzzling inclusion of citation to ***Roper v. Simmons***, 543 U.S. 551 (2005), Lamore also tacks on citations to "***Miller***" and "***Montgomery***."

which held that it was unconstitutional to execute individuals who were juveniles at the time of their capital crimes, an issue unrelated to the facts of this case.

Given Lamore's failure to develop any meaningful argument to support his claims, we are constrained to find his constitutional claims waived. *See id.*

As we find Lamore's first issue meritless, and his remaining claims waived, we affirm the judgment of sentence.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  6/19/2019

---

*See* Appellant's Brief, at 25. However, he does not expand on what principles they are specifically cited for and does not cite to any particular page within those cases. Further, as discussed in our analysis of Lamore's first issue, these cases laid the foundation for *Batts II*, which held that courts are clearly allowed, and in fact are mandated, to sentence juveniles convicted of first-degree murder to a maximum sentence of life in prison. *See Miller*, 567 U.S. at 479; *See also Montgomery*, 136 S.Ct. at 736.