J-A12045-17

2017 PA Super 278

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellant | |
| v. | |
| REGIS SESKEY, | |
| Appellee | No. 1858 WDA 2016 |

Appeal from the Judgment of Sentence November 16, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0013783-1992

BEFORE:  OLSON, SOLANO and RANSOM, JJ.

OPINION BY OLSON, J.:                    **FILED AUGUST 25, 2017**

The Commonwealth of Pennsylvania appeals from the judgment of sentence entered on November 16, 2016, as made final by the disposition of Regis Seskey's ("Appellee's") post-sentence motion on December 5, 2016. In this case, we hold that our Supreme Court's recent decision in **Commonwealth v. Batts**, 163 A.3d 410 (Pa. 2017) ("**Batts II**") requires that an individual convicted of first or second-degree murder[1] for a crime committed as a minor be sentenced to a maximum term of life imprisonment.  As the trial court in this case sentenced Appellee, who was convicted of first-degree murder for a crime committed as a minor, to a

_____

[1] For simplicity, we refer to first-degree murder, first-degree murder of an unborn child, and first-degree murder of a law enforcement officer collectively as "first-degree murder."  Similarly, we refer to second-degree murder, second-degree murder of an unborn child, and second-degree murder of a law enforcement officer collectively as "second-degree murder."

maximum term of 26 years' imprisonment, we affirm in part, vacate in part, and remand for the sole purpose of resentencing.

The factual background of this case is as follows. Appellee and Marc Bova ("Victim") were partners in a drug dealing operation. At some point, Appellee became angry at Victim for using too much of the crack cocaine supply. Appellee was also unhappy that Victim owed him several hundred dollars. Appellee expressed his frustration to Scott Thorton ("Thorton"). Thorton suggested that they scare Victim by inviting him to a field, with the promise of crack cocaine, and confronting him with a sawed-off shotgun.

On the night of October 12, 1992, Appellee and Thorton lured Victim to the field. Instead of scaring Victim, Appellee fired five shots at Victim using the sawed-off shotgun. Victim died as a result of the gunshot wounds he sustained. Appellee then proceeded to eat at a local establishment where he stated that killing Victim was like killing a rabbit. At the time of the murder, Appellee was a minor.

The relevant procedural history of this case is as follows. On March 22, 1994, Appellee was convicted of first-degree murder.[2] The trial court immediately sentenced him to the then-mandatory term of life imprisonment without the possibility of parole ("LWOP"). On direct appeal, this Court affirmed his judgment of sentence and our Supreme Court denied allowance

---

[2] 18 Pa.C.S.A. § 2502(a).

of appeal. ***Commonwealth v. Seskey***, 676 A.2d 286 (Pa. Super. 1996) (unpublished memorandum), *appeal denied*, 681 A.2d 1342 (Pa. 1996).

On August 15, 1997, Appellee filed a petition pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. On August 11, 1998, the PCRA court dismissed the petition without an evidentiary hearing. This Court affirmed that dismissal and our Supreme Court denied allowance of appeal. ***Commonwealth v. Seskey***, 816 A.2d 334 (Pa. Super. 2002) (unpublished memorandum), *appeal denied*, 828 A.2d 350 (Pa. 2003).

On July 19, 2010, Appellee filed his second PCRA petition. On May 1, 2012, the PCRA court dismissed the petition without an evidentiary hearing. This court affirmed that dismissal and our Supreme Court denied allowance of appeal. ***Commonwealth v. Seskey***, 86 A.3d 237 (Pa. Super. 2014), *appeal denied*, 101 A.3d 103 (Pa. 2014), *overruled*, ***Montgomery v. Louisiana***, 136 S.Ct. 718 (2016).

On January 27, 2016, Appellee filed his third PCRA petition. The Commonwealth conceded that, because ***Montgomery*** made the rule against mandatory LWOP sentences for minor offenders retroactive, Appellee was entitled to resentencing.[3] It argued, however, that he must receive a maximum term of life imprisonment. On November 16, 2016, the PCRA

---

[3] As Appellee filed his third PCRA petition within 60 days of ***Montgomery***, it satisfied the new constitutional rule timeliness exception. ***See*** 42 Pa.C.S.A. § 9545(b)(1)(iii), (b)(2). As such, the PCRA court had jurisdiction to consider the merits of Appellee's petition.

court granted Appellee's PCRA petition. The trial court then immediately sentenced him to a term of 13 to 26 years' imprisonment. On November 17, 2016, Appellee filed a post-sentence motion. On December 5, 2016, the trial court granted Appellee's post-sentence motion and recommended that Appellee be immediately paroled. This timely appeal followed.[4]

The Commonwealth presents two issues for our review:

1. Whether the [trial] court erred in imposing an illegal sentence when it refused to sentence [A]ppellee to a maximum sentence of life imprisonment with the chance for parole?

2. Whether the [trial] court abused its discretion in not imposing a sentence which had, as its maximum, a sentence of life imprisonment with the chance for parole?

Commonwealth's Brief at 6.

In its first issue, the Commonwealth argues that the trial court imposed an illegal sentence because the maximum term of imprisonment was set at 26 years instead of life.[5] Appellee, on the other hand, contends

---

[4] The trial court did not order the Commonwealth to file a concise statement of errors complained of on appeal ("concise statement"). *See* Pa.R.A.P. 1925(b). Nonetheless, on December 6, 2016, the Commonwealth filed a concise statement. On January 3, 2017, the trial court issued its Rule 1925(a) opinion. Both of the Commonwealth's issues were included in its concise statement.

[5] Appellee argues that this issue does not implicate the legality of his sentence. This argument is without merit. In **Commonwealth v. Vazquez**, 744 A.2d 1280 (Pa. 2000), our Supreme Court held that the trial court's failure to impose a sentence mandated by statute (either minimum or maximum) implicates the legality of the sentence. **Id.** at 1284, *citing* **Commonwealth v. Hertzog**, 425 A.2d 329, 333 (Pa. 1981); **see also Commonwealth v. Barnes**, 151 A.3d 121, 127 (Pa. 2016) (adopting the
*(Footnote Continued Next Page)*

that the trial court possessed unfettered sentencing discretion and it was not required to impose any minimum or maximum term of imprisonment. When reviewing the legality of a sentence, our standard of review is *de novo* and our scope of review is plenary. ***Commonwealth v. Brown***, 159 A.3d 531, 532 (Pa. Super. 2017) (citation omitted).

In order to understand the Commonwealth's illegal sentence argument, it is necessary to review the relevant Pennsylvania statutes regarding mandatory LWOP sentences for minors convicted of first or second-degree murder. The Crimes Code provides that an individual convicted of first or second-degree murder must be sentenced to a term of life imprisonment. ***See*** 18 Pa.C.S.A. § 1102(a), (b). The Parole Code provides that an individual sentenced to a term of life imprisonment is not eligible for parole. ***See*** 61 Pa.C.S.A. § 6137(a)(1); ***but see*** 18 Pa.C.S.A. § 1102.1 (discussed ***infra***). Finally, the Juvenile Act provides that the term "delinquent act" does not include the crime of murder. ***See*** 42 Pa.C.S.A. § 6302.

Under this statutory framework, a minor who commits first or second-degree murder must be charged as an adult. If convicted, the minor must be sentenced to a term of life imprisonment and is not eligible for parole. ***But see*** 18 Pa.C.S.A. § 1102.1 (discussed ***infra***). Thus, a minor convicted

---
*(Footnote Continued)*

definition of an illegal sentence proposed by the opinion announcing the judgment of the court in ***Commonwealth v. Foster***, 17 A.3d 332 (Pa. 2011)).

of first or second-degree murder receives a mandatory LWOP sentence. ***But see id.***

In 2012, the Supreme Court of the United States held that mandatory LWOP sentences for minors violate the Eighth Amendment's prohibition against cruel and unusual punishment. ***Miller v. Alabama***, 567 U.S. 460, 469-489 (2012). Our General Assembly responded to ***Miller*** by passing 18 Pa.C.S.A. § 1102.1. Section 1102.1 provides that an individual between the ages of 15 and 17 years old convicted of first-degree murder after June 24, 2012 must be sentenced to a maximum term of life imprisonment. 18 Pa.C.S.A. § 1102.1(a)(1). The minimum term of imprisonment for such an offender can be set anywhere from 35 years to life, *i.e.*, LWOP. ***See id.*** Section 1102.1 further provides that an individual under 15 years old convicted of first-degree murder after June 24, 2012 must be sentenced to a maximum term of life imprisonment. 18 Pa.C.S.A. § 1102.1(a)(2). The minimum term of imprisonment for such an offender can be set anywhere from 25 years to life, *i.e.*, LWOP. ***See id.***

Section 1102.1 provides that an individual between the ages of 15 and 17 years old convicted of second-degree murder after June 24, 2012 must be sentenced to a maximum term of life imprisonment. 18 Pa.C.S.A. §1102.1(c)(1). The minimum term of imprisonment for such an offender can be set anywhere from 30 years to life, *i.e.*, LWOP. ***See id.*** Section 1102.1 further provides that an individual under 15 years old convicted of

second-degree murder after June 24, 2012 must be sentenced to a maximum term of life imprisonment. 18 Pa.C.S.A. § 1102.1(c)(2). The minimum term of imprisonment for such an offender can be set anywhere from 20 years to life, *i.e.*, LWOP. ***See id.***

After our General Assembly passed section 1102.1, our Supreme Court held that it does not apply to those minors, like Appellee, who were convicted of first or second-degree murder prior to June 25, 2012. ***Commonwealth v. Batts***, 66 A.3d 286, 293 (Pa. 2013) ("***Batts I***") (citations omitted).

The question presented in this case is what sentencing framework applies to those minor offenders who were convicted of first or second-degree murder prior to June 25, 2012. As noted above, the Commonwealth argues that these offenders must be sentenced to a maximum term of life imprisonment and trial courts have the discretion to determine the appropriate minimum sentence. Appellee, on the other hand, argues that trial courts possess unfettered discretion when resentencing these offenders.

In support of his argument that the trial court had unfettered sentencing discretion, Appellee relies upon ***Batts I***. After this case was argued, our Supreme Court issued its opinion in ***Batts II***. In that case, our Supreme Court held that whether a minor offender is eligible for LWOP is a purely legal question subject to *de novo* review. ***Batts II***, 163 A.3d at 434-436. Our Supreme Court also held that the Commonwealth bears the

burden of proving that a minor is eligible for LWOP beyond a reasonable doubt. *Id.* at 452-455.

Most importantly for our disposition of this case, our Supreme Court reaffirmed its holding in *Batts I* that:

> For those defendants [convicted of first or second-degree murder prior to June 25, 2012] for whom the sentencing court determines a [LWOP] sentence is inappropriate, it is our determination here that they are subject to a **mandatory maximum sentence of life imprisonment** as required by section 1102(a), **accompanied by a minimum sentence determined by the common pleas court upon resentencing**[.]

*Batts II*, 163 A.3d at 421, *citing Batts I*, 66 A.3d at 297 (internal alteration and quotation marks omitted; emphasis added). In other words, our Supreme Court merely severed "the prohibition against paroling an individual sentenced to serve life in prison in section 6137(a)(1) as applied to these offenders." *Id.*

Our Supreme Court explained that its interpretation of the interplay between sections 1102(a) and 6137(a)(1) in *Batts I* was correct because

> Despite the passage of four years since we issued our decision in *Batts I*, the General Assembly has not passed a statute addressing the sentencing of juveniles convicted of first-degree murder pre–*Miller*, nor has it amended the pertinent provisions that were severed in *Batts I*. As we have previously stated, the General Assembly is quite able to address what it believes is a judicial misinterpretation of a statute, and its failure to do so in the years following the *Batts I* decision gives rise to the presumption that the General Assembly is in agreement with our interpretation.

*Batts II*, 163 A.3d at 445 (internal quotation marks, citations, and footnote omitted). Therefore, under *Batts II* the trial court was required to sentence Appellee to a maximum term of life imprisonment.

Appellee also relies upon decisions of the United States District Court for the Eastern District of Pennsylvania and other states' courts in support of his argument that the trial court possessed unfettered sentencing discretion. It is well-settled, however, that decisions of the federal courts and other states' courts are merely persuasive authority. *Bensinger v. Univ. of Pittsburgh Med. Ctr.*, 98 A.3d 672, 682 & n.10 (Pa. Super. 2014). On the other hand, this Court is duty-bound to effectuate our Supreme Court's decisional law. *Walnut St. Assocs., Inc. v. Brokerage Concepts, Inc.*, 20 A.3d 468, 480 (Pa. 2011) (citation omitted). *Batts II*, which our Supreme Court decided after *Montgomery*, explicitly holds that the trial court was required to sentence Appellee to a maximum term of life imprisonment.

The trial court in this case failed to impose the mandatory maximum sentence of life imprisonment. As such, Appellee's sentence was illegal and must be vacated. As we conclude that the 26-year maximum sentence imposed was illegal, and remand for resentencing,[6] we need not address the

---

[6] Our Supreme Court has "instruct[ed] sentencing courts to look to the mandatory minimum sentences set forth in section 1102.1(a) for guidance in setting a minimum sentence for a juvenile convicted of first-degree murder prior to *Miller*." *Batts II*, 163 A.3d at 445 n.17.

Commonwealth's second issue that the maximum sentence was an abuse of discretion. ***See Commonwealth v. Barnes***, 2017 WL 2927566, *10 n.13 (Pa. Super. July 10, 2017) (*en banc*).

Application for bail denied. Judgment of sentence affirmed in part and vacated in part. Case remanded for resentencing. Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/25/2017