J-S62022-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID J. PERRY | : | |
| | : | |
| Appellant | : | No. 2881 EDA 2017 |

Appeal from the Judgment of Sentence August 17, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0710451-1981

BEFORE:  LAZARUS, J., McLAUGHLIN, J., and FORD ELLIOTT, P.J.E.

JUDGMENT ORDER BY McLAUGHLIN, J.:            **FILED DECEMBER 19, 2018**

David J. Perry appeals from the judgment of sentence of 35 years to life, imposed on August 17, 2017, following resentencing for his conviction for murder in the second degree, as required pursuant to ***Montgomery v. Louisiana***, --- U.S. ---, 136 S. Ct. 718 (2016), and ***Miller v. Alabama***, 567 U.S. 460 (2012). Perry asserts that this sentence is unconstitutional. However, as this case is controlled by recent decisions in this Commonwealth, including ***Commonwealth v. Olds***, 192 A.3d 1188 (Pa.Super. 2018), we affirm.

We adopt the following statement of facts:

On June 10, 1981, … Shuh-Yung Ping was jogging alone through Hunting Park in Northeast Philadelphia when [Perry], who was 15 years old at the time, came up behind him and accosted him. Ping ran but was quickly caught by [Perry], who wrapped a towel around Ping's neck to subdue him.  Ping was also kicked during the attack. Ping fell and hit the ground face first, which rendered him unconscious.  When he came to, his glasses, watch, and money were missing. Although able to walk home, he went to a

doctor's office at about 11:00 a.m., where he was advised to proceed to a hospital immediately. Ping began walking to the hospital[,] but after he became too weak to continue[,] a rescue wagon was called[,] and he was transported to a nearby hospital. He died as a result of bleeding on the brain that day at approximately 4:40 p.m.

Sentencing Court Opinion, filed March 27, 2018, at 2.

Following a bench trial, in July 1982, Perry was convicted of second-degree murder and robbery. In January 1983, the court imposed a sentence of life imprisonment without the possibility of parole on the murder conviction.

In June 2013, Perry *pro se* and timely filed a petition seeking collateral relief, and in February 2016, Perry *pro se* filed an amended petition. In May 2016, counsel was appointed to represent him. Based on **Montgomery** and **Miller**, Perry's sentence was vacated. In August 2017, the court resentenced Perry to 35 years to life, with credit for time served, and deemed him eligible for immediate parole.

Perry timely filed a post-sentence motion, asserting that the mandatory maximum term of life imprisonment was unconstitutional. Prior to disposition of the motion, in August 2017, Perry *pro se* filed a notice of appeal. Thereafter, the post-sentence motion was denied by operation of law. In March 2018, with the benefit of counsel, Perry timely filed a court-ordered Pa.R.A.P. 1925(b) statement, and the sentencing court issued a responsive opinion.[1]

---

[1] In November 2017, this Court issued a rule to show cause why Perry's appeal should not be quashed as premature. Following Perry's response, we discharged the rule and permitted this appeal to proceed. **See** Order,

In this appeal, Perry asserts that his sentence is unconstitutional. Perry's Br. at 3. According to Perry, "a mandatory lifetime parole tail is not an individualized sentence and does not consider any relevant factors." *Id.* at 8 (thereafter citing in support *Miller*; *Graham v. Florida*, 560 U.S. 48 (2010)). Further, according to Perry, such a sentence provides the Parole Board with ultimate control over an individual's term of incarceration and, thus, "reflects an abdication of judicial responsibility." *Id.* at 12 (quoting *Songster v. Beard*, 201 F.Supp.3d 639, 642 (E.D.Pa. 2016). Thus, Perry concludes, this Court should vacate the sentence imposed and remand for resentencing. *Id.* at 16.[2]

> This Court has recently held as follows:
>
> Our society deems the taking of a life, either directly or as an accomplice or co-conspirator, sufficiently grievous as to require that the defendant not be entitled to release without first going through the parole process.
>
> . . .
>
> In sum, we reaffirm that trial courts must sentence juveniles convicted of second-degree murder prior to June 25, 2012[,] to a maximum term of life imprisonment under [18 Pa.C.S.A. §] 1102(b). We hold that such mandatory maximums do not violate the Eighth Amendment's ban on cruel and unusual punishment.

---

01/30/2018; *see also Commonwealth v. Cooper*, 27 A.3d 994, 1007 (Pa. 2011) (holding premature, *pro se* notice of appeal deemed timely filed); Pa.R.A.P. 905(a)(5).

[2] The Commonwealth has submitted a brief that similarly advocates vacating Perry's sentence and remanding for resentencing. *See* Commonwealth's Br.

***Olds***, 192 A.3d at 1197-98 (affirming judgment of sentence imposed on juvenile convicted of second-degree murder). This holding reaffirms the law in this Commonwealth. ***See Commonwealth v. Batts***, 163 A.3d 410 (Pa. 2017) (***Batts II***); ***Commonwealth v. Seskey***, 170 A.3d 1105 (Pa.Super. 2017).

Accordingly, we reject Perry's arguments and affirm the judgment of sentence.[3] ***Olds***, 192 A.3d at 1198.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/19/18

---

[3] We note further that, in ***Olds***, we expressly rejected an appellant's reliance on ***Songster***. ***See Olds***, 192 A.3d at 1197 n.18 ("[W]e do not agree with ***Songster*** and hold that it is not binding authority in Pennsylvania.").