J-A10036-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| NATHAN RILEY | : | |
| | : | |
| Appellant | : | No. 2220 EDA 2018 |

Appeal from the Judgment of Sentence Entered June 27, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0706842-1994

BEFORE:  GANTMAN, P.J.E., LAZARUS, J., and OTT, J.

MEMORANDUM BY GANTMAN, P.J.E.:                 **FILED JUNE 28, 2019**

Appellant, Nathan Riley, appeals from the new judgment of sentence entered in the Philadelphia County Court of Common Pleas, following his jury trial convictions for one count each of first-degree murder, aggravated assault, carrying firearms on public streets or public property in Philadelphia, possessing instruments of crime, criminal conspiracy, recklessly endangering another person, and two counts of robbery.[1]  We affirm.

In its opinion, the trial court fully and correctly sets forth the relevant facts and procedural history of this case.  Therefore, we have no reason to restate them.

Appellant raises the following issue for our review:

IS  IT  UNCONSTITUTIONAL  TO  IMPOSE  A  MANDATORY

---

[1] 18 Pa.C.S.A. §§ 2502, 2702, 6108, 907, 903, 2705, and 3701, respectively.

> LIFETIME PAROLE TAIL ON ALL JUVENILE LIFERS BEING RESENTENCED?

(Appellant's Brief at 3).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Barbara A. McDermott, we conclude Appellant's issue merits no relief. The trial court opinion comprehensively discusses and properly disposes of the question presented. (*See* Trial Court Opinion, filed September 25, 2018, at 3-4) (finding: court imposed new sentence of 25 years to life imprisonment as result of negotiated plea agreement between Appellant and Commonwealth; Appellant's claim his sentence is illegal because it includes maximum term of life incarceration fails; under *Commonwealth v. Batts*, 640 Pa. 401, 163 A.3d 410 (2017), sentencing court may resentence juveniles convicted prior to *Miller v. Alabama*, 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012) to minimum "term-of-years" sentence and **must** impose mandatory maximum sentence of life in prison, exposing defendants to parole eligibility upon expiration of their minimum sentence; imposition of "term-of-years" maximum sentence instead of life imprisonment is illegal).[2] Accordingly, we affirm based on the court's opinion.

Judgment of sentence affirmed.

---

[2] *See Commonwealth v. Seskey*, 170 A.3d 1105 (Pa.Super. 2017).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>6/28/19</u>

FILED

2018 SEP 25 AM II: 27

OFFICE OF JUDICIAL RECORDS
FIRST JUDICIAL DISTRICT
OF PENNSYLVANIA

IN THE COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CRIMINAL TRIAL DIVISION

COMMONWEALTH OF PENNSYLVANIA          :          CP-51-CR-0706842-1994

                v.                                          :

NATHAN RILEY                                           :

## OPINION

**McDermott, J.**                                                      **September 25, 2018**

### Procedural History

On June 17, 1994, the Defendant, Nathan Riley, then aged fifteen-years and eleven-months old, was arrested and charged with Murder and related offenses. On May 22, 1995, after a trial before the Honorable John J. Poserina, Jr., a jury convicted the Defendant of First-Degree Murder, two counts of Robbery, Carrying a Firearm on a Public Street in Philadelphia ("VUFA 6108"), Criminal Conspiracy, Aggravated Assault, Recklessly Endangering Another Person ("REAP"), and Possession of an Instrument of Crime ("PIC").[1] On November 16, 1995, Judge Poserina sentenced the Defendant to the then-mandatory term of life imprisonment without the possibility of parole for First-Degree Murder and imposed concurrent sentences of four to eight years of imprisonment for one count of Robbery and two to four years of imprisonment for Aggravated Assault, for a total sentence of life imprisonment without parole.[2]

CP-51-CR-0706842-1994 Comm. v. Riley, Nathan
Opinion

8167914801

---

[1] The remaining charges were *nolle prossed.*
[2] Judge Poserina imposed no further penalty for the remaining count of Robbery, VUFA 6108, Criminal Conspiracy, REAP, and PIC.

1

On March 24, 2016, the Defendant filed a Post-Conviction Relief Act ("PCRA") petition challenging the legality of his life without parole sentence.[3] On June 27, 2018, this Court granted the Defendant post-conviction relief and vacated his November 16, 1995 sentence. On that same date, this Court imposed a negotiated sentence of twenty-five years to life term of imprisonment for First-Degree Murder.

On July 27, 2018, the Defendant filed a timely Notice of Appeal. On August 22, 2018, this Court ordered the Defendant to file a Concise Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P. 1925(b).[4] On September 12, 2018, the Defendant filed a timely 1925(b) Statement.

## Facts

At the June 27, 2018 resentencing hearing, the Commonwealth recited the agreed upon facts of the case as follows:

> [O]n the morning of June 1, 1994, 26-year old Kyle Rainey and two cohorts, 34-year old Darryl Wallace, also known as Poz and an unknown person, whose name was Geeter, pulled up to the corner of 24[th] Street and Montgomery Avenue ... in Philadelphia where they met up with their co-defendant, 15-year old Nathan Riley.
> Rainey instructed the Defendant to get in the car and handed him a 38-caliber semiautomatic handgun, informing him that they were going to rob a jewelry store.
> Wallace, who was driving the car, parked the car at Maplewood Avenue as the other three men, Geeter, Rainey, and the Defendant ... walked to the jewelry store.

---

[3] On June 25, 2012, the Supreme Court of the United States issued its holding in *Miller v. Alabama*, 567 U.S. 460 (2012), which rendered all mandatory life imprisonment without parole sentences for juveniles unconstitutional. On January 27, 2016, the Supreme Court of the United States issued its holding in *Montgomery v. Louisiana*, --- U.S. --- 136 S.Ct. 718 (2016), which held that the *Miller* decision applied retroactively.

In 2016, a three-judge *en banc* panel for the Philadelphia County Court of Common Pleas was established to decide all questions of law concerning the resentencing of juveniles previously sentenced to life without parole. On October 28, 2016, the *en banc* panel was presented with fifteen questions of law. On April 13, 2017, the *en banc* panel issued its opinion addressing each question of law.

[4] This Court received the Defendant's *pro se* Notice of Appeal on August 8, 2018. In order to avoid hybrid representation, this Court contacted resentencing counsel Frank Cervone, Esq. and after a conversation with the Defendant, Cervone proceeded with the appeal on the Defendant's behalf.

2

At approximately 11:35 a.m., [the] three men reached Sun Jewelers at 113 West Chelten Avenue ... in Philadelphia. Rainey told the other men to [rob the jewelry store].

They entered the opened door of the storefront and once the Defendant and Geeter were inside, Rainey closed the door which had been propped open because [according to the wife of the victim,] it was nice weather that day.

Rainey then walked along Chelten Avenue toward the getaway car, which was [still] being driven ... by Wallace.

Inside, the Defendant aimed the 38-caliber handgun at the owner, 44-year old Sun [Kang] and his wife, Mollie [Kang], and shouted, "Don't move."

The Defendant then shot Mr. [Kang] in the neck, severing his carotid artery and cutting off the blood flow to his brain and killing him. The Defendant claims this was after Mr. [Kang] made a movement that scared him.

Geeter then leaped over the counter, stuffed a bunch of jewelry from the display cases into a bag as the Defendant held Mrs. [Kang] at gunpoint.

The Defendant opened the door and held it [open] for Geeter, as Wallace pulled up outside the storefront in his blue four-door Oldsmobile Cutlass frame. Rainey was in the backseat.

The Defendant and Geeter entered the Oldsmobile as [Mrs.] [Kang] follow[ed] them out the door to try to see the license plate as they pulled away.

Police recovered one 38-caliber bullet from the floor of the jewelry store.

N.T. 6/27/2018 at 17–19.

## Discussion

The Defendant raises three issues for review, alleging that: (1) the imposition of a maximum term of life imprisonment and a lifetime parole tail is unconstitutional; (2) this Court erred in applying 18 Pa. C.S. §1102.1(a) to the instant case; and, (3) this Court's reliance on the sentencing guidelines amended after the date of the instant offense violates the *Ex Post Facto* clause of the United States and Pennsylvania Constitutions.

As a preliminary matter, this Court imposed a sentence of twenty-five years to life imprisonment as a result of a negotiated sentence between the Defendant and the

3

Commonwealth. At the resentencing hearing, the Defendant indicated to this Court that he wished to accept with the Commonwealth's offer of 25 years to life imprisonment instead of proceeding to a contested hearing. The Defendant does not allege that his acceptance was unknowing, unintelligent, and involuntary, but instead, argues that his negotiated sentence was illegal. N.T. 6/27/18 at 8–9.

The Defendant's claim that this Court's imposition of a maximum term of life imprisonment is unconstitutional is without merit. This issue has been thoroughly resolved in *Commonwealth v. Batts*, 163 A.3d 410 (Pa. 2017) ("*Batts II*"). In *Batts*, the Supreme Court of Pennsylvania found that for juveniles convicted prior to *Miller*, a sentencing court may resentence affected defendants to a minimum term-of-years sentence and must impose a mandatory maximum sentence of life in prison, exposing defendants to parole eligibility upon the expiration of their minimum sentences. *Id.*; *see also* 61 Pa.C.S. § 6137(a)(3). In *Commonwealth v. Seskey*, 170 A.3d 1105 (Pa. Super. 2017), the Superior Court clarified that a term-of-years sentence for a defendant convicted of First or Second-Degree murder prior to June 25, 2012 is illegal under *Batts II*, and vacated the imposed thirteen to twenty-six year sentence on the appellant's First-Degree Murder conviction. *See also Commonwealth v. Olds* 192 A.3d 1188, 2018 WL 3233726 (Pa. Super. 2018) (mandatory maximum term of life imprisonment for a juvenile convicted of Second-Degree Murder does not violate the Eighth Amendment's ban on cruel and unusual punishment). No further discussion is warranted.

The Defendant next contends that the imposition of a maximum term of lifetime parole is illegal because this Court improperly applied 18 Pa. C.S. §1102.1(a). The Defendant is factually mistaken in this allegation. As stated in §1102.1(a), a person convicted of First-Degree Murder after June 24, 2012, who at the time of the commission of the offense, was at least fifteen years

4

of age, but under the age of eighteen, shall be sentenced to a term of life imprisonment without parole, or a term of imprisonment, the minimum of which shall be at least 35 years to life. *See* 18 Pa. C.S. §1102.1(a)(1).

The Defendant correctly claims that this court is not obligated to impose the mandatory minimum to juvenile defendants who were convicted of First-Degree Murder prior to June 25, 2012. In the instant case, this Court again relied on the Supreme Court's guidance as illustrated in *Batts II.* When sentencing a juvenile to life in prison with the possibility of parole, the Court noted that § 1102.1(a) is "not directly applicable to juveniles convicted of first-degree murder prior to Miller, but rather the sentencing court should be guided by § 1102.1(a) in determining the minimum term of imprisonment because it will 'help frame the exercise of judgment by the court in imposing a sentence' and 'may provide an essential starting point ... that must be respected and considered.'" *Batts II*, 163 A.3d at 457.

At the sentencing hearing, this Court noted that it was not bound by the sentencing requirements under § 1102.1(a)(1), as the Defendant committed the instant murders well before that statute came into effect. N.T. 6/27/18 at 8. Instead, this Court considered the statute alongside the *Miller* factors in determining whether to accept the Defendant's negotiated sentence. This Court ultimately accepted the negotiated sentence based on the significant factors presented by the Defendant. This Court's sentence is based on the significant age gap between the Defendant and the other individuals involved. In addition, this Court gave great consideration to the Defendant's expression of remorse, the fact that he turned himself in after the crime, made an admission of guilt, and the Defendant's ability for rehabilitation, despite his prison misconducts. N.T. 6/27/18 at 23–27. Therefore, no abuse of discretion occurred.

5

The Defendant finally claims that his resentence to a mandatory maximum sentence of life issued after an amendment to the Sentencing Guidelines violates the *Ex Post Facto* clause of the United States and Pennsylvania Constitutions. The Defendant's argument is not supported by material fact. As it explained during the sentencing hearing, this Court consulted the applicable sentencing guidelines in place at the time of the murder in 1994, which was the Third Edition. *See* Pennsylvania Sentencing Guidelines, 204 Pa. Code §§ 303.1-303.9 (1991).

At the time of sentencing in 1995, the Defendant had a prior record score of zero. At that time, the offense gravity score for First-Degree Murder was undefined. *Id.* Robbery had an offense gravity score of seven, carrying a standard sentencing range of eight to twelve months imprisonment, twelve to eighteen months imprisonment for an aggravated range sentence, and four to eight months imprisonment for a mitigated range sentence. *Id.* Aggravated assault had an offense gravity score of nine. *Id.* Under the Third Edition of the guidelines, the standard range sentence for Aggravated Assault was 36-60 months imprisonment, an aggravated range sentence was 60-75 months imprisonment, and a mitigated range sentence was 27-36 months imprisonment. *Id.* Because of the negotiations between the Commonwealth and the Defendant, this Court imposed no further penalty on the Robbery and Aggravated Assault charges. N.T. 6/27/18 at 34–35. Accordingly, the Defendant cannot establish prejudice.

For the foregoing reasons, the judgment of this Court should be affirmed.

BY THE COURT,

_____
Barbara A. McDermott, J

6

*Commonwealth v. Nathan Riley*
CP-51-CR-0706842-1994

## PROOF OF SERVICE

I hereby certify that I am this day serving the foregoing filing upon the person(s), and in the manner indicated below, which service satisfies the requirements of Pa. R. Crim. P. 114:

Philadelphia District Attorney's Office
Three South Penn Square
Philadelphia, PA 19107
Attn: Lawrence Goode, Esq.

**Type of Service:**      **Hand Delivery**

Frank Cervone, Esq.
1617 John F. Kennedy Blvd.
Suite 1200
Philadelphia, PA 19103

**Type of Service:**      **First-Class Mail**

Nathan Riley
CT8571
SCI Coal Township
1 Kelley Dr.
Coal Township, PA 17866

**Type of Service:**      **First-Class Mail**

**Dated: September 25, 2018**

Stephanie Wolbransky
Law Clerk to the
**Honorable Barbara A. McDermott**