J-S45024-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
OMAR J. DENNIS :
:
Appellant : No. 2156 EDA 2018

Appeal from the Judgment of Sentence Entered June 26, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0411311-1994

BEFORE: BENDER, P.J.E., MURRAY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY MURRAY, J.: **FILED AUGUST 16, 2019**

Omar J. Dennis (Appellant) appeals from the judgment of sentence imposed after he was resentenced pursuant to ***Miller v. Alabama***, 567 U.S. 460 (2012) and ***Montgomery v. Louisiana***, 136 S. Ct. 718 (2016). Upon review, we affirm.

In March of 1994, Appellant, who was then 17 years old, was arrested and charged with murder and related crimes. Trial Court Opinion, 9/11/18, at 1. Following a jury trial, he was convicted of first-degree murder and sentenced on December 19, 1994 to the then-mandatory term of life in prison without parole.

After the United States Supreme Court decided ***Miller v. Alabama***, holding that mandatory life imprisonment without parole for those under the

_____

[*] Retired Senior Judge assigned to the Superior Court.

age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on cruel and unusual punishment, Appellant filed a petition for relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. As the holding in *Miller* was made retroactive by *Montgomery v. Louisiana*, Appellant was afforded a new sentencing hearing. The PCRA granted relief and vacated Appellant's mandatory life sentence. On March 26, 2018, the court re-sentenced Appellant to 28 years to life in prison. Appellant filed a timely post-sentence motion for reconsideration of sentence which the court granted. On June 26, 2018, the court imposed a sentence of 27 years to life in prison. Appellant filed this timely appeal. Both the trial court and Appellant have complied with Pennsylvania Rule of Appellate Procedure 1925.[1]

Appellant presents two questions on appeal:

1. Is it unconstitutional to impose a mandatory lifetime parole tail on all juvenile lifers being resentenced?

2. Was it not mandated by *Miller v. Alabama*, 567 U.S. 460 (2012), which struck down the Pennsylvania sentencing scheme that imposed mandatory life sentences on all juveniles convicted of murder, that at resentencing a judge may only impose a sentence for the lesser included offense of third degree murder for juveniles convicted before June 25, 2012?

Appellant's Brief at 3.

---

[1] At Appellant's request, this Court entered an order remanding the case to the trial court on November 20, 2018 for the filing of a supplemental record, which was transmitted to this Court on December 21, 2018.

Appellant's two sentencing issues are essentially one — Appellant argues that in contravention of **Miller**, "a mandatory lifetime parole tail is not an individualized sentence and does not consider any relevant factors." Appellant's Brief at 9. Appellant contends that this Court should vacate his sentence and remand this case for resentencing based on "the only sentencing scheme left intact after **Miller**: sentencing on the lesser included offense of third degree murder." **Id.** We disagree.

The Commonwealth accurately responds that Appellant was "resentenced in accordance with **Miller** . . . and will soon be eligible for parole. His arguments that his sentence should be further reduced have been previously rejected in published opinions." Commonwealth Brief at 4. Likewise, the trial court opined, "[b]ecause these issues have been fully resolved by the Supreme Court and Superior Court, [Appellant's] judgment of sentence should be affirmed." Trial Court Opinion, 9/11/18, at 3.

As the Commonwealth and trial court recognized, our Supreme Court and this Court have rejected Appellant's argument. In **Commonwealth v. Batts**, 163 A.3d 410 (Pa. 2017) ("**Batts II**") the Pennsylvania Supreme Court reaffirmed its holding in **Commonwealth v. Batts**, 66 A.3d 286 (Pa. 2013) ("**Batts I**"), finding that juvenile defendants convicted of first-degree murder prior to **Miller** are subject to a mandatory maximum sentence of life imprisonment. **See Batts II**, 163 A.3d at 421, 445. The Court explained:

> We therefore held that juveniles convicted of first-degree murder prior to **Miller** could, after the sentencing court's evaluation of the

criteria identified in **Miller**, be subjected to a sentence of life in prison without the possibility of parole. For those defendants for whom the sentencing court determines a life-without-parole sentence is inappropriate, "it is our determination here that they are subject to a mandatory maximum sentence of life imprisonment as required by [18 Pa.C.S.A. 1102(a)], accompanied by a minimum sentence determined by the common pleas court upon resentencing[.]"

**Batts II**, 163 A.3d at 421 (quoting **Batts I**, 66 A.3d at 297) (footnote omitted).

Consistent with **Batts II**, we have held that a sentencing court imposed an illegal sentence where the sentencing court resentenced a juvenile offender convicted of first-degree murder to 13 to 26 years of imprisonment **because the court was required to impose a mandatory maximum sentence of life imprisonment** under **Batts II**. **Commonwealth v. Seskey**, 170 A.3d 1105 (Pa. Super. 2017).

More recently, in **Commonwealth v. Ligon**, 206 A.3d 1196 (Pa. Super. 2019), we once again held that the imposition of a mandatory maximum sentence of life imprisonment on a resentenced juvenile offender convicted of first-degree murder was legal, where the appellant argued that his "mandatory maximum lifetime parole tail" was unconstitutional. **Id.** at 1198-99. We stated that "the resentencing court was statutorily required to sentence Appellant to a maximum term of life imprisonment." **Id.** at 1200. We further found that the imposition of the mandatory maximum life sentence did not violate **Miller**'s mandate of individualized sentencing with

consideration of the particularized circumstances of the juvenile offender. We

explained:

> ***Miller*** . . . merely require[ed] the states to make the relevant inmates parole eligible, thereby insuring that those prisoners who have shown the ability to reform will receive a meaningful opportunity for release. It did not hold that life sentences with parole eligibility are unconstitutional, or that juvenile murderers must be released at some point regardless of their fitness to rejoin society. Thus, a sentence with a term of years minimum and a maximum sentence of life does not violate ***Miller's*** individualized sentencing requirement, because it properly leaves the ultimate decision of when a defendant will be released to the parole board.

***Commonwealth v. Ligon***, 206 A.3d at 1200.

As noted by the Commonwealth, Appellant will be eligible for parole

upon the completion of his minimum sentence of 27 years. Appellant has

been incarcerated since 1994. Therefore, it appears that Appellant will have

"a meaningful opportunity for release" in 2021, depending on the

determination of the Board of Probation and Parole. ***See id.***

For the above reasons, Appellant's claims do not merit relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/16/19