J-S27022-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL BRANCE MCCRAY | : | |
| | : | |
| Appellant | : | No. 1453 WDA 2018 |

Appeal from the Judgment of Sentence Entered July 25, 2018
In the Court of Common Pleas of Cambria County
Criminal Division at No(s):  CP-11-CR-0002022-2016

BEFORE:   OLSON, J., OTT, J., and COLINS, J.[*]

MEMORANDUM BY OTT, J.:                **FILED SEPTEMBER 9, 2019**

Michael Brance McCray appeals from the judgment of sentence imposed on July 25, 2018, following entry of his *nolo contendere* plea to Attempted Homicide.[1]  McCray received a sentence of six to 16 years' incarceration, with credit for time served prior to his plea.  McCray filed a timely post-sentence motion seeking credit for additional time served; specifically time he spent on bail, in home confinement with an ankle monitor.  The trial court denied the motion on September 6, 2018.  This timely appeal followed.  McCray claims the trial court erred in denying him credit for the time he spent prior to trial on home detention.  After a thorough review of the submissions by the parties, relevant law, and the certified record, we affirm.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 901/2501(a).

In this appeal, McCray challenges the legality of his sentence. Accordingly,

> "When reviewing the **legality** of a **sentence**, our **standard** of **review** is *de novo* and our scope of review is plenary." ***Commonwealth v. Seskey***, 170 A.3d 1105, 1107 (Pa. Super. 2017). Where a sentence is found to be illegal, it must be vacated. ***Commonwealth v. Rivera***, 95 A.3d 913, 915 (Pa. Super. 2014).

***Commonwealth v. Lekka***, 210 A.3d 343, 355 (Pa. Super. 2019).

In denying McCray relief, the trial court succinctly noted there is no credit for time served when the defendant is on bail and subject to electronic monitoring. ***See Commonwealth v. Kyle***, 874 A.2d 12 (Pa. 2005). The ***Kyle*** decision specifically abrogated the case-by-case approach to such determinations from ***Commonwealth v. Chiappini***, 782 A.2d 490 (Pa. 2001), and disapproved of the application of the case-by-case approach as exemplified in ***Commonwealth v. Vanskiver***, 819 A.2d 69 (Pa. Super. 2003) (*en banc*). Our Supreme Court stated:

> Today, we make clear that time spent on bail release, subject to electronic monitoring, does not qualify as custody for purposes of Section 9769 credit against a sentence of incarceration. As this author [Justice Castille] noted in ***Chiappini***:
>
>> [T]he reality here is that [Chiappini] was subject to the home confinement/electronic monitoring program as a condition of his release on **bail**. Bail is neither a form of, nor in any way synonymous with, custody or imprisonment; rather it is a form of **release** from custody.
>
> [***Chiappini***], at 503 (Castille, J. concurring and dissenting).

***Commonwealth v. Kyle***, 874 A.2d at 638.

- 2 -

McCray analogizes his situation to ***Commonwealth v. Wegley***, 829 A.2d 1148 (Pa. 2003), wherein the Supreme Court determined a person subjected to electronic monitoring on house arrest as part of sentence, was considered to be detained for purposes of the application of a charge of escape. This reliance is unavailing.

First, Wegley's electronic monitoring was part of his sentence; he was not subjected to electronic monitoring as a condition of pre-trial bail. The two situations are, therefore, distinguishable. The ***Kyle*** decision considered ***Wegley*** in distinguishing between electronic monitoring for pre-trial bail and actual sentence.[2] ***Kyle*** set forth a bright line rule forbidding credit for time served for pre-trial electronic monitoring. Second, the ***Kyle*** decision post-dates ***Wegley*** by almost two years. Our Supreme Court could well have applied ***Wegley*** as suggested by McCray, but it did not. Third, and finally, to the extent McCray's argument can be seen as a plea to return to a case-by-case review, as noted above, that approach has been specifically rejected by ***Kyle***.

In light of the above, we find no error of law in the trial court's denial of McCray's post-sentence motion seeking credit for time served while on electronic monitoring as part of pre-trial bail.

Judgment of sentence affirmed.

---

[2] ***Kyle***, 874 A.3d at 630-31.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/9/2019