J-S49008-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANDRE GAY, | |
| Appellant | No. 306 EDA 2019 |

Appeal from the Judgment of Sentence Entered August 23, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0501292-1972

BEFORE: BENDER, P.J.E., STABILE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.: **FILED DECEMBER 03, 2019**

Appellant, Andre Gay, appeals from the judgment of sentence of 46 years' to life imprisonment, imposed after his original judgment of sentence of life incarceration, without the possibility of parole ("LWOP"), was vacated as unconstitutional pursuant to the United States Supreme Court's decisions in ***Miller v. Alabama***, 567 U.S. 460 (2012), and ***Montgomery v. Louisiana***, 136 S.Ct. 718 (2015). Appellant contends that the court's imposition of a mandatory-maximum sentence of life imprisonment is unconstitutional under ***Miller*** and ***Montgomery***. After careful review, we affirm.

On March 23, 1972, Appellant, who was 17 years old, and several cohorts robbed two men. When one victim fought back during the robbery,

---

[*] Former Justice specially assigned to the Superior Court.

Appellant fatally stabbed him. Appellant was arrested and ultimately convicted by a jury of first-degree murder and two counts of attempted robbery. The trial court sentenced Appellant to LWOP.

On September 7, 2010, Appellant filed a *pro se* petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. While disposition of that petition was pending, the United States Supreme Court decided ***Miller***, and later, ***Montgomery***. In ***Miller***, the Court held that imposition of a mandatory LWOP sentence upon a juvenile violates the Eighth Amendment's prohibition against cruel and unusual punishment. In ***Montgomery***, the Court "declared ***Miller*** to be retroactive, requiring states to extend parole eligibility to juvenile offenders who committed their crimes pre-***Miller***." ***Commonwealth v. Ligon***, 206 A.3d 1196, 1199 (Pa. Super. 2019), *appeal denied*, 207 EAL 2019 (Pa. 2019).

Following these decisions, Appellant amended his pending PCRA petition to add a challenge to the legality of his sentence. The court granted him relief and vacated his LWOP sentence. On August 23, 2018, Appellant was resentenced to a term of 46 years' to life imprisonment. He filed a timely post-sentence motion that was denied by operation of law on January 2, 2019. He then filed a timely notice of appeal and complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The court issued its Rule 1925(a) opinion on February 28, 2019. Herein, Appellant states one issue for our review: "Is the imposition of a mandatory maximum sentence of life imprisonment for every juvenile

- 2 -

convicted of first- or second-degree murder unconstitutional under **_Miller_** …
and **_Montgomery_**…?" Appellant's Brief at 4.

We begin by recognizing that, "[w]hen reviewing challenges to the legality of a sentence, our standard of review is _de novo_ and our scope of review is plenary." **_Ligon_**, 206 A.3d at 1198 (citation omitted).

Appellant challenges the legality of his mandatory-maximum sentence of life imprisonment, contending that it violates **_Miller_** and **_Montgomery_**, which mandate that sentences for juvenile offenders be individualized. Appellant further contends that "**_Miller_** effectively invalidated the only existing sentencing scheme in Pennsylvania for juveniles convicted of first- or second-degree murder." Appellant's Brief at 11. Thus, he insists that "the only sentence that can be validly imposed against him is a sentence for third-degree murder." **_Id._** at 20. Notably, the Commonwealth agrees with Appellant that his mandatory-maximum sentence of life imprisonment is unconstitutional under **_Miller_** and **_Montgomery_**. **_See_** Commonwealth's Brief at 4. However, both parties concede that this panel is bound by prior precedent to affirm Appellant's sentence. **_See_** Appellant's Brief at 13; Commonwealth's Brief at 5.

We agree. In **_Commonwealth v. Batts_**, 66 A.3d 286, 297 (Pa. 2013) (**_Batts I_**), our Supreme Court addressed the resentencing scheme for juveniles who were convicted of first-degree murder prior to June 25, 2012 (the filing date of **_Miller_**). The **_Batts I_** Court held that,

once a sentencing court evaluates the criteria identified in ***Miller*** and determines a LWOP sentence is inappropriate, it must impose a "mandatory[-]maximum sentence of life imprisonment as required by [s]ection 1102(a), accompanied by a minimum sentence determined by the common pleas court upon resentencing." Our Supreme Court explained that § 1102 was still valid, since the unconstitutional part of Pennsylvania's sentencing scheme, the lack of parole eligibility pursuant to [section] 6137(a)(1), was severable.

***Ligon***, 206 A.3d at 1199.

After ***Batts I***, the United States Supreme Court decided ***Montgomery*** and, thus, our Supreme Court revisited the resentencing framework in ***Commonwealth v. Batts***, 163 A.3d 410 (Pa. 2017) ("***Batts II***"). There, "the Court reaffirmed its ***Batts I*** holding, and again stated that the trial court ***must*** resentence defendants to either LWOP or a maximum term of life imprisonment as required by [section] 1102(a)." ***Ligon***, 206 A.3d at 1199 (emphasis added).

As stated *supra*, Appellant and the Commonwealth both recognize that, since ***Batts II***, "this Court has repeatedly denied challenges to the mandatory maximum term" applicable to individuals, like Appellant, who were juveniles at the time of their crimes, and who were sentenced to mandatory LWOP terms prior to June 25, 2012. Appellant's Brief at 13 (citing ***Ligon, supra***; ***Commonwealth v. Seskey***, 170 A.3d 1105 (Pa. Super. 2017) (relying on ***Batts II*** to uphold Seskey's mandatory maximum sentence of life imprisonment pursuant to section 1102(a)); ***see also*** Commonwealth's Brief at 5 ("[T]he Commonwealth acknowledges that this Court has repeatedly upheld the sentencing of a juvenile defendant convicted of first- or second-

degree murder to a maximum term of life imprisonment.") (citing, *inter alia*, *Ligon, supra* and *Seskey, supra*).  While Appellant argues that *Ligon* and *Seskey* were wrongly decided, this panel is bound to follow those cases.  *See Commonwealth v. Karash*, 175 A.3d 306, 307 (Pa. Super. 2017) ("[A] panel of this Court cannot overrule the decision by another panel.").  Accordingly, we conclude that the resentencing court was statutorily required to sentence Appellant to a mandatory-maximum term of life imprisonment.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/3/19