J-S49010-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MALIK A. BEY, | |
| Appellant | No. 465 EDA 2019 |

Appeal from the Judgment of Sentence Entered September 27, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1206614-1993

BEFORE:  BENDER, P.J.E., STABILE, J., and STEVENS,  P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.:　　　　　　**FILED DECEMBER 03, 2019**

Appellant, Malik A. Bey, appeals from the judgment of sentence of 27 years' to life imprisonment, imposed after his original sentence of life incarceration, without the possibility of parole ("LWOP"), was vacated as unconstitutional pursuant to the United States Supreme Court's decisions in ***Miller v. Alabama***, 567 U.S. 460 (2012), and ***Montgomery v. Louisiana***, 136 S.Ct. 718 (2015).  Appellant contends that the court's imposition of a mandatory-maximum sentence of life imprisonment is unconstitutional under ***Miller*** and ***Montgomery***.  After careful review, we affirm.

The trial court briefly summarized the facts of this case, as follows:

> [O]n September 3, 1992, [Appellant, who was 16 years old at the time,] and three others were driving around the East Germantown section of Philadelphia.  While doing so, they saw

---

[*] Former Justice specially assigned to the Superior Court.

fifty-three-year-old Reather Beaufort sitting on her front porch and agreed to rob her. They all surrounded the victim and stole some personal items from her. They then returned to the car, at which time [A]ppellant retrieved two containers of gasoline. He then returned to the victim, splashed the gasoline on her, lit a match, and set her on fire. The victim died twenty-six days later. After being apprehended, [A]ppellant confessed to the crime. He indicated that he and his co-actors laughed about what they had done.

Trial Court Opinion, 3/6/19, at 1-2.

On May 29, 1996, Appellant pled guilty to first-degree murder, criminal conspiracy, arson, and robbery. That same day, he was sentenced to a mandatory term of LWOP. He did not appeal from his judgment of sentence.

However, Appellant subsequently filed a petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, challenging the legality of his LWOP sentence under **Miller** and **Montgomery**. In **Miller**, the Supreme Court held that the imposition of a mandatory LWOP sentence upon a juvenile violates the Eighth Amendment's prohibition against cruel and unusual punishment. In **Montgomery**, the Court "declared **Miller** to be retroactive, requiring states to extend parole eligibility to juvenile offenders who committed their crimes pre-**Miller**." **Commonwealth v. Ligon**, 206 A.3d 1196, 1199 (Pa. Super. 2019), *appeal denied*, 207 EAL 2019 (Pa. 2019).

In accordance with these decisions, the PCRA court granted Appellant's petition and vacated his LWOP sentence. On September 27, 2018, Appellant was resentenced to a minimum term of 27 years' incarceration, and a mandatory-maximum term of life imprisonment. He filed a timely post-sentence motion that was denied by operation of law on February 4, 2019.

He then filed a timely notice of appeal and complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The court issued its Rule 1925(a) opinion on March 6, 2019. Herein, Appellant states one issue for our review: "Is it unconstitutional to impose a mandatory lifetime parole tail on all juvenile lifers being resentenced?" Appellant's Brief at 3.

We begin by recognizing that, "[w]hen reviewing challenges to the legality of a sentence, our standard of review is *de novo* and our scope of review is plenary." *Ligon*, 206 A.3d at 1198 (citation omitted).

Appellant challenges the legality of his mandatory-maximum sentence of life imprisonment, contending that it violates *Miller* and *Montgomery*, which mandate that sentences for juvenile offenders be individualized. Appellant further contends that the mandatory-maximum life sentence "invariably provides the Parole Board with the ability to effectively impose a life[-]without[-]parole sentence by the denial of parole." Appellant's Brief at 11. Relying on *Songster v. Beard*, 201 F.Supp.3d 639 (E.D.Pa. 2016), he contends that "imposing a mandatory life maximum sentence 'reflects an abdication of judicial responsibility' by '[p]assing off the ultimate decision to the Parole Board in every case.'" *Id.* at 11-12 (quoting *Songster*, 201 F.Supp.3d at 642). Notably, the Commonwealth agrees with Appellant that his mandatory-maximum sentence of life imprisonment is unconstitutional under *Miller* and *Montgomery*, and that we should follow the rationale of *Songster*. *See* Commonwealth's Brief at 4. However, the Commonwealth

recognizes that this panel is bound by prior precedent to affirm Appellant's sentence. *See id.* at 5.

We agree. In ***Commonwealth v. Batts***, 66 A.3d 286, 297 (Pa. 2013) (***Batts I***), our Supreme Court addressed the resentencing scheme for juveniles who were convicted of first-degree murder prior to June 25, 2012 (the filing date of ***Miller***). The ***Batts I*** Court held that,

> once a sentencing court evaluates the criteria identified in ***Miller*** and determines a LWOP sentence is inappropriate, it must impose a "mandatory[-]maximum sentence of life imprisonment as required by [s]ection 1102(a), accompanied by a minimum sentence determined by the common pleas court upon resentencing." Our Supreme Court explained that § 1102 was still valid, since the unconstitutional part of Pennsylvania's sentencing scheme, the lack of parole eligibility pursuant to [section] 6137(a)(1), was severable.

***Ligon***, 206 A.3d at 1199.

After ***Batts I***, the United States Supreme Court decided ***Montgomery*** and, thus, our Supreme Court revisited the resentencing framework in ***Commonwealth v. Batts***, 163 A.3d 410 (Pa. 2017) ("***Batts II***"). There, "the Court reaffirmed its ***Batts I*** holding, and again stated that the trial court ***must*** resentence defendants to either LWOP or a maximum term of life imprisonment as required by [section] 1102(a)." ***Ligon***, 206 A.3d at 1199 (emphasis added).

As stated *supra*, the Commonwealth recognizes that, since ***Batts II***, "this Court has repeatedly upheld the sentencing of a juvenile defendant convicted of first[-] or second-degree murder to a maximum term of life imprisonment." Commonwealth's Brief at 5 (citing, *inter alia*, ***Ligon, supra***,

- 4 -

and ***Commonwealth v. Seskey***, 170 A.3d 1105 (Pa. Super. 2017) (relying on ***Batts II*** to uphold Seskey's mandatory maximum sentence of life imprisonment pursuant to section 1102(a)).

While Appellant argues that ***Seskey*** did not address the arguments he asserts herein, ***Ligon*** clearly found his same claims meritless. ***See Ligon***, 206 A.3d at 1198-1201. Thus, we are bound by ***Ligon*** to affirm his judgment of sentence. ***See Commonwealth v. Karash***, 175 A.3d 306, 307 (Pa. Super. 2017) ("[A] panel of this Court cannot overrule the decision by another panel.").

Judgment of sentence affirmed.
Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/3/19