J-S06007-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NASIR ELLIOTT | : | |
| | : | |
| Appellant | : | No. 1169 EDA 2019 |

Appeal from the Judgment of Sentence Entered December 7, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0907231-2002

BEFORE: LAZARUS, J., McLAUGHLIN, J., and FORD ELLIOTT, P.J.E.

JUDGMENT ORDER BY LAZARUS, J.: **FILED MARCH 03, 2020**

Nasir Elliott appeals from his judgment of sentence, imposed in the Court of Common Pleas of Philadelphia County. On appeal, he raises a challenge to the legality of his sentence. Upon careful review, we affirm.

On February 23, 2003, Elliott entered a plea of guilty to murder, generally, criminal conspiracy, and various weapons offenses arising from an incident in which he shot and killed Ramon Jiminez. Elliott was 17 years old at the time he committed the offenses. The trial court subsequently held a degree-of-guilt hearing with regard to the murder charge and found Elliott guilty of first-degree murder. On April 29, 2003, the trial court imposed a then-mandatory sentence of life imprisonment.

Following the decisions of the United States Supreme Court in ***Miller v. Alabama***, 567 U.S. 460 (2012), and ***Montgomery v. Louisiana***, 136 S.Ct.

718 (2016),[1] Elliott sought relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. Specifically, Elliott sought vacatur of his life sentence and resentencing in accordance with the holdings of those decisions. The PCRA court granted relief and, following a hearing, imposed a new sentence of 22 years' to life imprisonment for first-degree murder. Post-sentence motions were denied and this timely appeal follows, in which Elliott asserts that it is "unconstitutional to impose a mandatory lifetime parole tail on all juvenile lifers being resentenced" pursuant to **Miller** and **Montgomery**. Brief of Appellant, at 3. Elliott is entitled to no relief.

In resentencing Elliott, the trial court concluded that, pursuant to decisions of both this Court and our Supreme Court, it was bound to impose a maximum sentence of life imprisonment when resentencing juveniles who committed their crimes prior to **Miller** and **Montgomery**. **See** Trial Court Opinion, 6/10/19, at 2, citing **Commonwealth v. Batts**, 163 A.3d 410 (Pa. 2017) ("**Batts II**") (reaffirming prior holding that appellants who committed first-degree murder pre-**Miller** subject to mandatory maximum term of life imprisonment); **Commonwealth v. Melvin**, 172 A.3d 14 (Pa. Super. 2017) (applying **Batts II** and holding court constitutionally permitted to impose minimum term-of-years sentence and a maximum sentence of life

_____

[1] In **Miller**, the Supreme Court held that mandatory sentences of life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on cruel and unusual punishments. In **Montgomery**, the Court determined that **Miller** announced a new substantive rule of law that applies retroactively.

imprisonment on pre-**Miller** juvenile offender); and ***Commonwealth v. Seskey***, 170 A.3d 1105 (Pa. Super. 2017) (applying ***Batts II*** and holding court required to impose mandatory maximum term of life imprisonment on pre-**Miller** juvenile offenders).

Here, Elliott asserts that the cases relied upon by the trial court are not controlling because they did not address the specific argument he presents on appeal—namely, that the requirement that sentences be individualized applies to both the minimum *and* maximum sentence imposed. ***See*** Brief of Appellant, at 9-10. However, our Court has recently addressed that identical claim and repeatedly reaffirmed that trial courts must sentence juveniles convicted of first- or second-degree murder prior to June 25, 2012, to a maximum term of life imprisonment under section 1102(b) of the Crimes Code. ***See Commonwealth v. Blount***, 207 A.3d 925 (Pa. Super. 2019), *appeal denied*, 218 A.3d 1198 (Pa. 2019) (rejecting claim that mandatory maximum term of life imprisonment as applied to juvenile offenders convicted of murder prior to **Miller** violates mandates of individualized sentencing); ***Commonwealth v. Ligon***, 206 A.3d 1196 (Pa. Super. 2019), *appeal denied*, 217 A.3d 1212 (Pa. 2019) (holding sentence with term of years minimum and maximum sentence of life does not violate **Miller**'s individualized sentencing requirement, because it properly leaves ultimate decision of when defendant will be released to parole board). Accordingly, because we are bound by our own precedent, Elliott is entitled to no relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/3/20