J-S40034-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
MICHAEL CHRISTOPHER RODRIGUEZ :
:
Appellant : No. 159 WDA 2019

Appeal from the Judgment of Sentence Entered January 3, 2019
In the Court of Common Pleas of Mercer County Criminal Division at
No(s): CP-43-CR-0000043-2018

BEFORE: BENDER, P.J.E., McLAUGHLIN, J., and PELLEGRINI*, J.

MEMORANDUM BY PELLEGRINI, J.: **FILED AUGUST 08, 2019**

Michael Christopher Rodriguez (Rodriguez) appeals from the judgment of sentence of 5 to 12 years' imprisonment imposed by the Court of Common Pleas of Mercer County (trial court) following his jury trial conviction for Robbery and related crimes. After review, we vacate in part and affirm in part.

Michael Stanley was entering his car when Rodriguez and Clifford Wright approached him and ordered him by gunpoint to the ground. Stanley complied and the two took several items, including Stanley's driver's license and bank card. Rodriguez then grabbed Stanley's car keys and took that car while Wright drove away in a different one. Stanley called 911 and the police quickly located the two vehicles and arrested the two men.

Stanley could not identify Rodriguez and Wright as the robbers because their faces were covered during the incident. However, inside Stanley's car,

_____
* Retired Senior Judge assigned to the Superior Court.

the police found several items that had been taken from Stanley. The police also recovered several of Stanley's items in the car driven by Wright. During a search incident to arrest, the police found Stanley's driver's license and bank card in Rodriguez's pockets. Rodriguez then gave a recorded statement denying that he robbed Stanley. Instead, he claimed, a man pulled up in Stanley's car and offered to rent it to Rodriguez for 24 hours, an offer that he accepted.

After a two-day trial, the jury found him guilty of Robbery, Robbery of a Motor Vehicle, Theft by Unlawful Taking, Receiving Stolen Property, Conspiracy (four counts), and Recklessly Endangering Another Person.[1] The trial court imposed a sentence of 5 to 12 years' imprisonment for Robbery and concurrent sentences on all of the remaining offenses. Rodriguez's post-sentence motion was denied. He filed the instant appeal raising three issues.

Rodriguez first argues that the trial court erred in denying a motion for mistrial that he made during trial. The motion for mistrial concerned prejudicial references by Rodriguez during his recorded statement. Before the recording was played, Rodriguez made an oral motion *in limine* to have those remarks edited or muted out, which the Commonwealth agreed to do. Rodriguez agreed with the Commonwealth to the trial court giving a cautionary

---

[1] 18 Pa.C.S. §§ 3701(a)(1)(ii), 3702(a), 3921(a), 3925(a), 903(a)(1), and 2705.

instruction to the jury to disregard any prejudicial remarks that inadvertently remained. When the recording was played, Rodriguez referred to his "P.O." and returning from "doing five years." Rodriguez then moved for a mistrial, which the trial court denied. Instead, consistent with the remedy agreed upon, the trial judge instructed the jury to ignore any reference during Rodriguez's statement to other criminal activity. *See* N.T, 10/12/18, at 43.

Rodriguez preserved this issue in his Rule 1925 statement, stating that the trial court abused its discretion in denying his mistrial motion. However, in his brief, Rodriguez presents only a three-paragraph argument, two of which merely recite the standard of review for denial of a motion for mistrial based on prior bad acts references. Rodriguez's third paragraph, which purportedly sets forth why he is entitled to a new trial, simply states:

> During the second day of trial an oral Motion in Limine was made regarding content in Commonwealth's Exhibit 20, a video recording of the police interview of Rodriguez, and references to prior bad acts contained therein. The Commonwealth agreed to exclude portions of the video requested by the Defense. The video was introduced through Officer Steven Hale of the Farrell Police Department. The Commonwealth played portions of the video during this testimony. The Defense addressed the Court regarding two references to prior bad acts heard by the jury during the playing of the video that were not specifically included in the earlier motion *in limine*. The two reference[s] were made by Rodriguez where he talked about his "P.O." and that "he just got back from doing five years." Defense counsel requested a mistrial due to their prejudicial nature. The Court denied the motion.

Rodriguez's Brief at 18-19 (internal citations to record omitted).

"The failure to develop an adequate argument in an appellate brief may result in waiver of the claim under Pa.R.A.P. 2119." ***Commonwealth v.***

***Beshore***, 916 A.2d 1128, 1140 (Pa. Super. 2007). Moreover, "[w]hile this Court may overlook minor defects or omissions in an appellant's brief, we will not act as his or her appellate counsel." ***Commonwealth v. Freeman***, 128 A.3d 1231, 1249 (Pa. Super. 2015).

Rodriguez's argument is woefully underdeveloped and appears to argue that the prejudicial nature of the comments warrant a new trial *per se*. We disagree. Rodriguez makes no effort to discuss or analyze applicable case law. Instead, Rodriguez merely recites general standards and restates the facts. This is clearly inadequate and we will not develop an argument for Rodriguez that he has failed to present. Accordingly, we deem this issue waived.[2]

Next, Rodriguez attempts to challenge the sufficiency of evidence for all nine of his convictions. The Pennsylvania Rules of Appellate Procedure require an appellant to "concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge" within the concise statement of errors complained of on appeal. Pa.R.A.P. 1925(b)(4)(ii). This Court has consistently held that for sufficiency of the evidence challenges, an appellant's Rule 1925 statement "needs to specify the element or elements upon which the evidence was insufficient."

---

[2] Furthermore, Rodriguez's argument does not address whether the fact that he agreed ahead of time to issue a curative instruction bears on the trial court's ruling. ***See*** n.2 and n.3, *supra*.

- 4 -

*Commonwealth v. Tyack*, 128 A.3d 254, 260 (Pa. Super. 2015) (quoting

*Commonwealth v. Williams*, 959 A.2d 1252, 1257 (Pa. Super. 2008)).

Failure to do so results in waiver*. Id*.

Rodriguez failed to comply with 1925(b)(4)(ii). His Rule 1925 statement attempted to challenge every element of every conviction, averring "the evidence introduced at trial was insufficient to prove Rodriguez's guilt to the conspiracy of and actual crimes of Robbery, Robbery of a Motor Vehicle, Theft by Unlawful Taking, Receiving Stolen Property, and Recklessly Endangering Another Person." It is not the job of the courts to examine every element of every crime and determine whether the Commonwealth's evidence sufficed. We thus deem this issue waived.[3]

Finally, Rodriguez contends the trial court imposed illegal sentences for Theft by Unlawful Taking and Receiving Stolen Property, as well as their

---

[3] Moreover, Rodriguez's argument in support of his sufficiency challenge is only one paragraph:

> The Commonwealth was unable to show for certain that it was Rodriguez's intent to deprive the owner of his vehicle. And that he did so with force. Testimony was introduced that showed Rodriguez did not behave in a way following his possession of the vehicle to suggest there was a robbery.

*See* Rodriguez's Brief, at 21. To the extent Rodriguez is challenging his Robbery conviction, we would find the claim meritless even if preserved, since Stanley testified that Rodriguez pointed a gun at his face during the theft.

- 5 -

corresponding Conspiracy counts. Rodriguez claims that these offenses should have merged with Robbery and Conspiracy to Commit Robbery.[4]

The Commonwealth and trial court concede that Rodriguez's Theft by Unlawful Taking and Receiving Stolen Property convictions should have merged with Robbery, and that his convictions for Conspiracy to commit those crimes should have merged with Conspiracy to Commit Robbery. However, since all of these sentences were imposed concurrently, we are able to vacate those sentences without upsetting the overall sentencing scheme. *See Commonwealth v. Martinez*, 153 A.3d 1025, 1033 (Pa. Super. 2016). Therefore, remand for resentencing is unnecessary.

Judgment of sentence for Theft by Unlawful Taking (count five), Conspiracy to Commit Theft by Unlawful Taking (count six), Receiving Stolen Property (count seven), and Conspiracy to Commit Receiving Stolen Property (count eight) vacated. Judgment of sentence affirmed in all other respects. Jurisdiction relinquished.

---

[4] "When reviewing the legality of a sentence, our standard of review is *de novo* and our scope of review is plenary." *Commonwealth v. Seskey*, 170 A.3d 1105, 1107 (Pa. Super. 2017).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  8/8/2019