J-S50019-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JAMES EARL HOUSE | : | |
| | : | |
| Appellant | : | No. 78 WDA 2019 |

Appeal from the Judgment of Sentence Entered December 14, 2018
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0002720-1999

BEFORE:   LAZARUS, J., MURRAY, J., and COLINS, J.[*]

MEMORANDUM BY MURRAY, J.:                **FILED SEPTEMBER 13, 2019**

James Earl House (Appellant) appeals from the judgment of sentence imposed after he was re-sentenced pursuant to the directives of ***Miller v. Alabama***, 567 U.S. 460 (2012) and ***Montgomery v. Louisiana***, 136 S. Ct. 718 (2016).  Upon review, we affirm.

On March 31, 2000, a jury convicted Appellant — in connection with a homicide that occurred on April 8, 1999 — of first-degree murder, 18 Pa.C.S.A. § 2502(a), criminal conspiracy (simple assault) 18 Pa.C.S.A. § 903(a), and possession of a firearm without a license, 18 Pa.C.S.A. § 6106(a)(1).  It is undisputed that Appellant was 17 years old when he committed these crimes.

On May 11, 2000, the trial court sentenced Appellant to then-mandatory life without parole for first-degree murder, with consecutive sentences for the

---

[*] Retired Senior Judge assigned to the Superior Court.

other convictions. Appellant filed a timely post-sentence motion, which the trial court denied on May 23, 2000. Appellant filed a direct appeal, and the Superior Court affirmed the judgment of sentence. ***Commonwealth v. House***, 906 WDA 2001 (Pa. Super. Sept. 10, 2001) (unpublished memorandum).

Following the United States Supreme Court's decisions in ***Miller*** and ***Montgomery***, Appellant filed a petition pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. § 9545 *et seq.*, which ultimately resulted in Appellant being granted a new sentencing hearing, and a sentence of 30 years to life imprisonment for first-degree murder, with an aggregate sentence of 32 years to life in prison.[1] The trial court summarized:

> Following an extensive re-sentencing hearing on December 6, 2018 and December 14, 2018, Appellant was re-sentenced to a period of incarceration of thirty (30) years to life with the possibility of parole for his first degree murder conviction. His revised aggregate sentence with other separate convictions is

---

[1] We recognize that 18 Pa.C.S.A. § 1102.1 provides that juveniles who commit first-degree murder between the ages of 15 and 18, and who are convicted **after** June 24, 2012, "shall be sentenced to a term of life imprisonment without parole, or a term of imprisonment, the minimum of which shall be at least 35 years to life." The statute does not apply to Appellant, who was convicted in 2000, and in this case, the trial court had discretion to impose the 30 year minimum term of imprisonment on Appellant for the murder committed prior to June 25, 2012. ***See Commonwealth v. Sesky***, 170 A.3d 1105, 1108 (Pa. Super. 2017) ("After our General Assembly passed section 1102.1, our Supreme Court held that it does not apply to those minors, like Appellee, who were convicted of first or second-degree murder prior to June 25, 2012.") (citation omitted)).

- 2 -

thirty-two (32) years to life with the possibility of parole. Appellant received credit for time served as of the date of his re-sentencing on December 14, 2018.

Sentencing Court Opinion, 3/12/19, at 1-2 (footnote omitted).

Appellant filed this timely appeal. Both Appellant and the sentencing court have complied with Pennsylvania Rule of Appellate Procedure 1925. Appellant presents a single issue for our review:

1. Did the Sentencing Court impose an unconstitutional sentence when it imposed the aggregate minimum sentence of 38[2] years, a sentence which is a *de facto* life sentence, as it deprives Appellant of a meaningful opportunity for release?

Appellant's Brief at 8.

Appellant argues that his sentence "denied Appellant a meaningful opportunity for relief as required by United States Supreme Court case law." *Id.* at 19. Recognizing Pennsylvania case law that is contrary to his claim, Appellant "asks this Court to distinguish its prior holdings, and, given that Appellant has raised this claim in the context of a non-waivable challenge to the legality of the sentence, Appellant asks this Court to remand for the sentencing court's consideration of 'any evidence made available by the parties that bears on the offender's mortality.'" *Id.* at 27. Upon review, we

_____

[2] This is wrong. The record reflects that Appellant was sentenced to 30 years to life for first-degree murder, with an aggregate of 32 years to life imprisonment. Re-Sentencing Order, 12/14/18. However, throughout Appellant's brief, counsel references conflicting sentences 30 years to life and 32 years to life aggregate, and 35 years to life and an aggregate 38 years to life. *See* Appellant's Brief at 8, 18, 19, 20, 23. Counsel's misstatements do not impact Appellant's issue and our analysis.

find no basis upon which "to distinguish" our prior holdings regarding "*de facto* life sentences" imposed after re-sentencing under **Miller** and **Montgomery**.

We first note that Appellant's claim implicates the legality of his sentence. "[A] claim challenging a sentencing court's legal authority to impose a particular sentence presents a question of sentencing legality." **Commonwealth v. Batts**, 163 A.3d 410, 434-435 (Pa. 2017) (citations omitted). "The determination as to whether a trial court imposed an illegal sentence is a question of law; an appellate court's standard of review in cases dealing with questions of law is plenary." **Commonwealth v. Crosley**, 180 A.3d 761, 771 (Pa. Super. 2018) (citation omitted), **appeal denied**, 195 A.3d 166 (Pa. 2018).

Instantly, Appellant asserts that "[c]ontrary to the holding in [**Commonwealth v.**] **Foust**, the Court should consider whether the aggregate sentence, not just the sentence for the homicide itself, constitutes a *de facto* life sentence." Appellant's Brief at 27. However, **Foust** expressly held "when considering the constitutionality of a sentence, the individual sentences must be considered when determining if a juvenile received a *de facto* [life without parole] sentence." **Commonwealth v. Foust**, 180 A.3d 416, 434 (Pa. Super. 2018). Even if we could consider the two year difference between Appellant's aggregate 32 year-to-life sentence, rather than his 30 year-to-life sentence for first-degree murder, the difference would not impact our disposition.

In **Foust**, we stated that a "trial court may not impose a term-of-years sentence, which constitutes a *de facto* [life-without-parole] sentence, on a juvenile offender convicted of homicide unless it finds, beyond a reasonable doubt, that he or she is incapable of rehabilitation." ***Id.*** at 431.  We "explicitly decline[d] to draw a bright line . . . delineating what constitutes a *de facto* [life without parole] sentence and what constitutes a constitutional term-of-years sentence." ***Id.*** at 438.  Also, we "decline[d] to set forth factors that trial courts must consider when making this determination." ***Id.***  We explained:

> There are certain term-of-years sentences which clearly constitute *de facto* [life without parole] sentences.  For example, a 150–year sentence is a *de facto* [life without parole] sentence.  Similarly, there are clearly sentences which do not constitute *de facto* [life without parole] sentences.  A sentence of 30 years to life falls into this category.  We are unaware of any court that has found that a sentence of 30 years to life imprisonment constitutes a *de facto* [life without parole] sentence for a juvenile offender.  Even the study with the shortest life expectancy for an offender in Appellant's position places his life expectancy at 49 years, *i.e.*, beyond 30 years.

***Id.***  We concluded that a "sentence of 30 years to life imprisonment does not constitute a *de facto* [life without parole] sentence which entitles a defendant to the protections of ***Miller***." ***Id.***

We have found likewise in other decisions analyzing whether a court imposed a *de facto* life without parole sentence for a juvenile offender and referencing ***Foust***.  ***See, e.g., Commonwealth v. Bebout***, 186 A.3d 462 (Pa. Super. 2018) (sentence of 45 years to life did not constitute a *de facto*

life without parole sentence); ***Commonwealth v. White***, 193 A.2d 977 (Pa. Super. 2018) (sentence of 35 years to life did not constitute a de facto life without parole sentence).

As noted, Appellant recognizes that "the Superior Court is bound by the holding in ***Foust***." Appellant's Brief at 27. We agree that ***Foust*** applies in this case, where the record reveals that Appellant, who was 17 years old at the time of the murder on April 8, 1999, was born on August 31, 1981. At this writing, Appellant is 38 years old. The re-sentencing court explained:

> As to Appellant's ability to be paroled, Appellant, who has been incarcerated since he was seventeen (17) years old, can be considered for parole by the State authorities when he is approximately forty-seven (47) years old regarding his new sentence of thirty (30) years to life sentence for first degree murder. Assuming *arguendo*, if considering Appellant's minimum aggregate sentence as thirty-two (32) years to life, Appellant can be considered by the state authorities for possible parole when he is approximately forty-nine (49) years old. Appellant's ability to live to at least forty-nine (49) years of age is plausible and would provide Appellant with a non-trivial amount of time at liberty. Moreover, even accounting for the aggregate time, Appellant's potential of being paroled at the age of forty-nine (49) years old provides Appellant an earlier opportunity at a younger age to be paroled than the defendants in both ***Bebout*** and ***White***. Therefore, re-sentencing Appellant to a sentence of thirty (30) years to life with the possibility of parole for his murder conviction (or thirty-two (32) years to life with the possibility [of parole] for his aggregate sentence) is not a *de facto* life sentence and provides Appellant with a meaningful and plausible opportunity for parole.

Sentencing Court Opinion, 3/12/19, at 10-11.

Our review comports with that of the re-sentencing court. Based on the record and prevailing law, we cannot conclude that Appellant's sentence

equates to a *de facto* life sentence.  Accordingly, Appellant is not entitled to relief.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  9/13/2019