J-S09023-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ERIK VANZANT | : | |
| | : | |
| Appellant | : | No. 1102 EDA 2019 |

Appeal from the Judgment of Sentence Entered March 15, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0507511-1988

BEFORE:  SHOGAN, J., LAZARUS, J., and COLINS, J.[*]

MEMORANDUM BY LAZARUS, J.:                    **FILED MARCH 27, 2020**

Erik Vanzant appeals from the amended judgment of sentence, entered in the Court of Common Pleas of Philadelphia County, after a jury convicted him of first-degree murder,[1] robbery,[2] burglary,[3] theft by unlawful taking,[4] and theft by receiving stolen property.[5]  After careful review, we affirm.

Vanzant committed the above-mentioned crimes on April 14, 1988, when he was 14 years old.  A jury convicted him in October of 1989.  On

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 2502.

[2] 18 Pa.C.S. § 3701.

[3] 18 Pa.C.S. § 3502.

[4] 18 Pa.C.S. § 3921.

[5] 18 Pa.C.S. § 3925.

February 20, 1991, the court sentenced him to life imprisonment plus a consecutive aggregate sentence of 20-40 years' imprisonment. Vanzant unsuccessfully pursued relief on direct appeal and filed multiple Post-Conviction Relief Act (PCRA) petitions, all of which were denied. On December 30, 2013, Vanzant filed another amended PCRA petition, arguing a change in the law rendered his prior sentence illegal. The court vacated Vanzant's judgment of sentence and resentenced him on September 21, 2018, to a period of 31 years' to life imprisonment. The court also ordered Vanzant to complete sex offender treatment and that sex offender status be a condition of any possible parole.

On October 16, 2018, Vanzant sought permission to file post-sentence motions *nunc pro tunc*, which the court allowed. On March 15, 2019, the court amended the September 21, 2018 judgment of sentence. The court granted, in part, Vanzant's post-sentence motion, eliminating the requirement of sex offender status as a condition of parole and limiting sex offender treatment to one year. However, the court denied Vanzant's request to eliminate the life tail on his sentence. On April 12, 2019, Vanzant filed this timely appeal.

On appeal, Vanzant claims it is unconstitutional to sentence a person to a mandatory lifetime period of parole for a juvenile offense. He argues that **Miller v. Alabama**, 567 U.S. 460 (2012), and **Montgomery v. Louisiana**, 136 S. Ct. 718 (2016), require a court resentencing a juvenile to fashion an individualized sentence, which is contrary to Pennsylvania's requirement that the maximum sentence be life imprisonment.

- 2 -

In **Miller**, the United States Supreme Court found unconstitutional mandatory life-without-parole sentences for minors. **Miller**, 567 U.S. at 479. In **Montgomery**, the United States Supreme Court clarified that its ruling in **Miller** was retroactive. **Montgomery**, 136 S. Ct. at 732. The Pennsylvania Supreme Court subsequently interpreted **Miller** and held:

> **Miller** neither barred imposition of a life-without-parole sentence on a juvenile categorically *nor indicated that a life sentence with the possibility of parole could never be mandatorily imposed on a juvenile*. Rather, **Miller** requires only that there be judicial consideration of the appropriate age-related factors set forth in that decision prior to the imposition of a sentence of a life imprisonment without the possibility of parole on a juvenile.

**Commonwealth v. Batts**, 66 A.3d 286, 295-96 (Pa. 2013) (**Batts I**) (emphasis added) (citations omitted). The Pennsylvania Supreme Court went on to state that once a sentencing court evaluates the criteria identified in **Miller** and determines a life-without-parole sentence is inappropriate, it must impose a "mandatory maximum sentence of life imprisonment as required by [s]ection 1102(a), accompanied by a minimum sentence determined by the common pleas court upon resentencing." **Batts I**, 66 A.3d at 297 (citing 18 Pa.C.S. § 1102(a)). After the Pennsylvania Supreme Court heard argument on **Batts I**, but prior to publishing its opinion, the Pennsylvania General Assembly codified the **Miller** factors. 18 Pa.C.S. § 1102.1. However, section 1102.1 only applies to convictions that occur after June 24, 2012. Four years later, the Court reaffirmed its ruling. **See Commonwealth v. Batts**, 163 A.3d 410, 439-41 (Pa. 2017) (**Batts II**).

This Court has followed our Supreme Court's rulings and upheld maximum life sentences for juveniles convicted of murder. ***See Commonwealth v. Ligon***, 206 A.3d 1196, 1200-01 (Pa. Super. 2019) (finding sentencing court statutorily required to sentence juvenile defendant convicted of first-degree murder, prior to ***Miller***, to maximum term of life imprisonment); ***Commonwealth v. Seskey***, 170 A.3d 1105, 1008-09 (Pa. Super. 2017) (holding trial court required to impose maximum life sentence when it resentenced juvenile defendant convicted of first-degree murder prior to ***Miller***).

Based on the above-precedent, it is clear that Vanzant's argument that "the sentencing [c]ourt erroneously believed it was required to impose a mandatory lifetime parole tail" is incorrect. Appellant's Brief, at 5. Under ***Batts I***, ***Batts II***, ***Ligon***, and ***Seskey***, the sentencing court was statutorily required pursuant to section 1102(a) to sentence Vanzant to a maximum term of life imprisonment.[6] Judgment of sentence affirmed.

---

[6] The Commonwealth argues that we should adopt the reasoning in ***Songster v. Beard***, 201 F. Supp. 3d 639 (E.D. Pa. 2016), arguing that a maximum sentence of life imprisonment, regardless of the minimum term, does not reflect individualized sentencing. Appellee's Brief, at 4. However, ***Songster*** is not binding on this Court. Furthermore, the Commonwealth recognizes that this Court has repeatedly upheld the sentencing of juvenile defendants convicted of first or second-degree murder to maximum sentences of life imprisonment. ***Id.*** at 5.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/27/2020